**STEELE v. STEELE.    (No. 8421.)**

(Court of Civil Appeals of Texas. Galveston. Nov. 22, 1923. Rehearing Denied Dec. 20, 1923.)

1. **Divorce** ⬅130—**Evidence sufficient to warrant decree granting divorce for cruel treatment.**

In a suit for divorce, evidence *held* sufficient to justify granting the divorce for cruel treatment, even though some of the acts of cruelty occurred after parties had separated.

2. **Divorce** ⬅27(18)—**Acts of cruelty after separation available as grounds for divorce.**

In a suit for divorce for cruel treatment, acts of cruelty after parties had separated were equally as available as a ground for divorce as if they had in fact occurred before and led to separation.

Error from District Court, Grimes County; Carl T. Harper, Judge.

Suit for divorce by Mrs. Ruby Steele against W. O. Steele. From a judgment granting a divorce, defendant brings error. Affirmed.

Haynes Shannon, of Navasota, for plaintiff in error.

Lewis & Dean, of Navasota, for defendant in error.

GRAVES, J. This is an appeal by the husband from a judgment of the court below granting the wife a divorce from him on the ground of cruel treatment. The only issue plaintiff in error raises upon the appeal is his contention that the evidence is insufficient to support the judgment for the divorce. The trial below was before the court without a jury, and a statement of facts has been brought up with the record.

[1, 2] We have carefully examined the statement of facts and are unable to agree with plaintiff in error that the evidence is insufficient to justify the court's action in granting the divorce; upon the contrary, we

conclude, and so state our finding, that it is amply sufficient. It would serve no useful purpose to review here, and so place in the permanent court records of the country, the testimony upon which the trial court predicated its action. Suffice it to say that in our opinion the incidents at Bedias, as testified to by the witnesses for defendant in error, and which the court was authorized to so accept, were alone sufficient. It seems to be plaintiff in error's view that, because these occurred after the separation of the parties, and after the wife had left him to live with her mother, and therefore could not have caused the separation, they likewise could not furnish the basis for a divorce. This conclusion by no means follows. Defendant in error was then still his wife, no divorce suit having at that time been filed, and these matters were as equally available to her as a ground for divorce as if they had in fact occurred before and led to the separation.

From what has been said, it follows that the judgment should be affirmed; that order will be entered.

Affirmed.