## STUTTS v. STUTTS et ux.
### No. 2573.

Court of Civil Appeals of Texas. Waco.
Jan. 20, 1944.

Doyle Pevehouse, of Corsicana, and Carl Cannon, of Groesbeck, for appellant.

L. W. Shepperd, of Groesbeck, for appellees.

HALE, Justice.

This is an appeal from a habeas corpus proceeding. Appellees, H. C. Stutts and wife, instituted the suit on November 28, 1942, in the District Court of Limestone County against their son, Jesse Stutts, and his former wife, Mary Stutts, alleging that the best interests of their grandson, M. L. Stutts, a boy four years of age, would be served by awarding its custody to them. On March 18, 1943, Mary Stutts filed her plea of privilege in statutory form, asserting her right to be sued in Navarro County. On March 30, 1943, appellees filed their controverting affidavit to such plea. The record does not disclose that the plea of privilege, or the controverting affidavit thereto, was ever set down for a hearing or that any order was entered by the court disposing of the same. On July 16; 1943, the case was called for trial on its merits, at which time Mary Stutts, subject to her plea of privilege, filed her answer consisting of special exceptions, a general denial, and affirmative allegations of fact upon which she predicated her claimed right to the continued custody of her child. The case was tried before the court without a jury and resulted in judgment removing the child from the possession of its parents and awarding its unconditional custody to appellees. Mary Stutts has duly appealed from such judgment to this court.

Appellant says the judgment should be reversed because, among other reasons, there was no pleading or evidence that she is an unfit person to have the care or custody of her child, and because the evidence was insufficient as a matter of law to show that it is to the best interests of the child for its custody to be awarded to appellees. She also says that since the record fails to disclose any action by the trial court on her plea of privilege, it must be assumed by this court that the plea was good and was sustained by operation of law.

In a case of this kind, involving the custody of a minor child, the law vests

in the trial judge broad discretionary powers and imposes upon him the solemn and paramount duty of making such disposition of the matter in the first instance as he may legally find to be for the best interests and highest welfare of the child. It is presumed in law, however, and wisely so we think, that the best interests and highest welfare of an infant will be subserved by permitting it to remain in the custody and under the care of its natural mother and father and the courts are not at liberty to sever such natural and sacred ties except for some solid or substantial reason. State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S. W. 901; McCarroll v. Lakey, Tex.Civ.App., 157 S.W.2d 963; Binion v. Mathis, Tex.Civ. App., 171 S.W.2d 512. Consequently, a correct disposition of this appeal turns primarily on whether or not the evidence disclosed by this record is sufficient to overcome the legal presumption that the best interests of the minor here involved will be served by permitting it to remain in the custody and under the care of its natural parents.

The evidence in the case is not conflicting in any material respect. Appellant was married to Jesse Stutts on August 22, 1936, and lived with him as his wife until August 21, 1941. On September 1, 1941, Jesse Stutts instituted a habeas corpus proceeding in the District Court of Limestone County against his wife for the custody of their minor son, who at that time was three years of age, and on September 8, 1941, the court entered an order awarding the child to each of its parents for alternate six month periods, directing that Jesse Stutts should have its custody from October 1, 1941, until April 1, 1942, and thereafter its custody should alternate between the parents each six months until the further orders of the court. Mary Stutts subsequently instituted a suit in the District Court of Navarro County against her husband for divorce, and on March 13, 1942, that court rendered judgment granting her a divorce on the ground of cruel treatment and awarded the child's custody to each of its parents for alternate six month periods, directing that Mary Stutts should have the child from April 1st to October 1, 1942, and thereafter its custody should alternate between its parents each six months until the child should become of school age or until the further orders of the court.

The evidence further shows that Mary Stutts, at and prior to the time of this trial, was earning from $30 to $35 per week as an employee of the Navarro Hotel in Corsicana; that she was living in the home of her mother and stepfather, which was situated about three blocks from the hotel where she worked; that it was agreeable with her mother and stepfather for her to continue to make her home with them and that they would assist her financially and otherwise in the rearing of her child. There was neither pleading nor proof which tended in anywise to contradict the testimony of appellant to the effect that she was ready, able and willing to discharge all of the duties which a mother ordinarily owes to her child. There was no evidence that appellant had ever voluntarily surrendered the possession of her child to anyone, except under orders of the court, or that she was immoral, or that she was in anywise disqualified or unfit to be entrusted with its care, custody and rearing. Jesse Stutts did not testify and he has not appealed.

After most careful consideration of the entire record before us, we are forced to the conclusion that the evidence as a whole was and is insufficient in law to rebut and overcome the legal presumption in this case with respect to the best interests and highest welfare of the child here involved. The evidence shows that H. C. Stutts is sixty-one years of age and his wife is fifty-eight years of age. They own a nice home on the 100 acres of land where they now reside and have resided for many years. They are honorable and upright citizens of high standing in their community and are no doubt ready, able and extremely anxious to give to their grandchild a good home. They each testified in effect that they were not acting in collusion with their son, Jesse Stutts, in the prosecution of this suit and that in their opinion the best interests of their grandson would be served by awarding its custody to them. But we do not think the natural affection and solicitude which appellees bear for their son and grandson, or their willingness and ability to care for the grandchild, or their mere opinions as to what is for his best interests, constitute any solid or substantial ground upon which the courts may properly sever the hallowed ties mutually existing between an innocent child of tender years and its mother, who is not shown to have done any wrong and who is able and anxious to continue in the discharge of every legal and moral duty which she

owes to her offspring. State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901; Carter v. Lambert, Tex.Civ.App., 214 S.W. 566; Garner v. Bowles, Tex.Civ.App., 233 S.W. 300, error refused; Castro v. Castellanos, Tex.Com.App., 294 S.W. 525; O'Brien v. Hart, Tex.Civ.App., 80 S.W.2d 464; Stone v. Dickerson, Tex.Civ.App., 138 S.W.2d 200.

By filing her plea of privilege in statutory form, appellant cast upon appellees the burden of showing in the manner required by law that some exception to exclusive venue in Navarro County existed in this cause, or that appellant thereafter waived such plea. Appellees say appellant waived her plea and in their brief it is recited that, although not disclosed by the record, "when the court called for announcements appellant's counsel stated to the court that because there was a resident defendant appellant's plea of privilege was not good, for which reason he was not urging the same." Unless the plea was waived, it should have been acted upon. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016.

The judgment appealed from is reversed as to all parties and the cause is remanded for further proceedings in the trial court.