### MAYES v. TIMMONS et al.

#### No. 9483.

Court of Civil Appeals of Texas. Austin.

Nov. 22, 1944.

Rehearing Denied Dec. 13, 1944.

Taylor & Taylor, of Temple, for appellant.

Arthur O'Connor, of Belton, for appellee.

BAUGH, Justice.

This appeal is from the judgment of the trial court changing the custody of two girls, ages 7 and 5 years, respectively, theretofore awarded to appellant, their father, to the custody of appellee, Mary Jessie Timmons, their mother. Only the appellant has filed a brief, and the only contention made on this appeal is that the evidence does not support the judgment.

It is now so well settled as not to require citation of authorities that in such matters the best interests of the children involved is the matter of paramount concern; that the trial court is vested with a broad discretion in determining that matter, and that on appeal from a judgment in such cases the rules governing a review

thereof are the same as in civil cases generally. 15 Tex.Jur., § 169, p. 673. And where custody of children has been awarded to one parent, a subsequent change of conditions, if the best interests of the child require it, will authorize and support a decree of the court changing such custody. 15 Tex.Jur., § 172, p. 679.

■ If there be substantial evidence to support the trial court's judgment making such change of custody, its judgment will not be disturbed. In such cases the district judge is in a position to observe the character, demeanor, attitude, and qualifications of the parties involved, to pass upon the credibility of the witnesses, and to determine what are the best interests of the children, taking into consideration their sex, age, environment, the opportunities and abilities of their respective parents to supervise their care, rearing, education, and welfare.

■ Considering, as against the contention made, only the evidence in support of the judgment, the record herein discloses the following: The father of the children, 41 years of age, sued the appellee Mary Jessie Timmons, then his wife, for divorce, in January, 1943, alleging that at that time he resided in Bell County, Texas, and had custody of the children "by permission of the defendant," who was then in Corpus Christi, Texas. The divorce decree was granted on June 17, 1943, and awarded custody to the father, appellant herein. There was testimony to show that at that time,—January, 1943—the mother consented to that custody for the reason that she was not then in a position, nor financially able, to properly care for the children; and that there then existed an epidemic of infantile paralysis in Corpus Christi which made it advisable that the children, as requested by the father, be kept in Temple. Prior to the filing of this suit both the father and the mother of the children had remarried. In August, 1943, prior to the remarriage of either, the mother went from Corpus Christi to Temple to see the children, and while there and in the home of the appellant, during a quarrel between them, and in the presence of the children, the appellant slapped her, pulled her hair, dragged her into the bedroom, and threatened to shoot her. In November, 1943, after the remarriage of both the father and mother, the appellee went back to Temple to see the children, and was refused permission to do so by the stepmother of the children. After such refusal she got a policeman to go with her to see the children, and the stepmother permitted her to see them from the front door for a few minutes, but refused to let her enter the house. She went back to Temple again in December to see them, taking with her Christmas presents for the children, at which time appellant was at home, but refused to permit her to see the children, threatened her, told her he had taught the children to hate her, and destroyed the Christmas presents without giving them to the children.

Neither the stepmother, the present wife of appellant, nor the stepfather, the present husband of appellee, testified. Practically all of the testimony in the record is that of the respective parents of the children, which is highly contradictory on the material issues involved. There was thus presented a question of credibility, a matter for determination by the trial court.

The record further shows that the appellant herein had been married five times, and that four of his wives, including the present wife, are still living; that the present wife, the stepmother who had charge of the children at the time this suit was tried, had been previously married and had a three year old daughter by her former marriage. Appellant was a locomotive fireman on the Santa Fe Railroad, was paid $383 per month, and spent three nights each week away from home. The record also shows that the mother of the said children, the appellee herein, is 29 years of age; that her present husband is chief petty officer in the Navy, drawing compensation of $290 per month; and that appellees are financially able to care for, rear, and properly educate the children.

■ We think the foregoing is clearly sufficient to show a change of conditions subsequent to the original award of custody to the father, and to warrant and support the judgment of the trial court changing such custody. Particularly in the light of the sex, ages of the children, the fact that the stepmother had a small child of her own, and the general rule that girls of tender years should ordinarily be awarded to their mother, where she is found to be a fit person and capable of properly caring for them.

Finding no error the judgment of the trial court is affirmed.

Affirmed.