**DUNCAN v. DUNCAN.**

No. 4465.

Court of Civil Appeals of Texas. El Paso.
May 16, 1946.

Rehearing Denied June 6, 1946.

Bill L. Holland and E. B. O'Quinn, both of Marfa, for appellant.

Alfred E. Creigh, Jr., and J. C. Epperson, both of Alpine, for appellee.

McGILL, Justice.

This appeal involves the custody of Abigah Eleum Duncan, Jr., the infant son

230

of appellant and appellee, who were formerly husband and wife. At time of trial the boy was approximately three years and five months of age. By petition for a writ of habeas corpus filed in the District Court of Brewster County appellant sought to recover custody of the child under the provisions of a judgment of the Superior Court of Mojave County, Arizona, entered in Civil Cause No. 4066 of date July 14, 1945, which granted appellant a divorce from appellee and in accordance with an agreement of the parties awarded custody of the child to each of them for six months in each year, appellant's custody to begin October 1, 1945, and to continue until April 1, 1946, and for the same period in each year thereafter, and appellee's custody to be from April 1st to October 1st of each year. In answer to the petition and for cross-action appellee alleged that since July 14, 1945, the date of the Arizona judgment, conditions had materially changed and that the welfare and best interests of the child would be best served by awarding her full custody, for which she prayed. The court heard the cause without the intervention of a jury, and on December 12, 1945, entered judgment awarding custody of the child to appellee during the months of December, January, February, March, April, May, August, September, October and November, and to appellant for the months of June and July thereafter, with either parent having the right of reasonable visitation with the child while in the other's custody. The judgment also provided that the child remain at all times within the state of Texas and be not removed from the jurisdiction of the court.

At the request of appellant the court filed findings of fact and conclusions of law, from which we quote the following:

"* * * since said 14th day of July, 1945, the defendant (who had custody of said child at the trial) Maurine Duncan has acquired a permanent home with her uncle and aunt, Mr. and Mrs. S. F. Burleson of Alpine, Texas, and she has also acquired in Alpine a lucrative position which requires short hours and gives her much of the day to be with her child. She had no permanent or satisfactory home immediately prior to July 14, 1945, nor did she have such satisfactory lucrative position which would enable her to be with the child the most of the day and night. I find also that Mr. and Mrs. S. F. Burleson are high class people who love the defendant and her said minor child as much as they would their own children and said minor child loves them as well as their two unmarried daughters living at home * * *. Based upon the foregoing Findings of Fact I conclude that the welfare of said minor child, Abigah Eleum Duncan, Jr., requires and will only be subserved by his custody being awarded to defendant Maurine Duncan, for all the months of each year until he reaches the statutory age excepting the months of June and July, and that his welfare requires and will only be subserved by his remaining at all times within the State of Texas and in the jurisdiction of this Court. I conclude that all this is required on account of the material change in the situation and conditions of the parties. I also conclude that the judgment of the Arizona Court in said cause No. 4066 was a valid judgment."

The substance of appellant's eight points is that there was no evidence showing such change of conditions since the Arizona judgment as to authorize a change or modification of custody awarded by that judgment, and that the court was without power to adjudicate that the child remain in Texas and be not removed from the jurisdiction of the court, and that the findings, conclusions and judgment show an abuse of the trial court's discretion. The findings above quoted find ample support in the evidence; they are the only specific findings relating to changed conditions. The question determinative of this appeal is whether or not they show such materially changed conditions as to warrant a change or modification of custody.

The Arizona judgment was res adjudicata only of what was then before the court, and to that extent only is protected by the "full faith and credit clause" of the Federal Constitution, Article 4, Section 1. The District Court of Brewster County had jurisdiction to hear and determine the question of custody upon allegations of a material change in conditions since the date of the Arizona judgment. Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116

A.L.R. 1293; Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 97 Am.St.Rep. 928; Oldham v. Oldham, Tex.Civ.App., 135 S.W.2d 564, writ refused; Evans v. Taylor, Tex.Civ. App., 128 S.W.2d 77. But to warrant the district court of Brewster County in ordering a change or modification of the custody awarded by the Arizona judgment it was incumbent upon appellee not only to allege but also to prove that conditions had so materially changed since the rendition of that judgment that the best interest of the child required a change or modification of such custody.

Oldham v. Oldham, supra, [135 S.W.2d 568]. As said in that case:

"The true test seems to be that the proof must show the 'situation and character of the respective parties have so changed as to render it to the (best) interest of the infant' that the former order be set aside or modified." Citing Wilson v. Elliott, supra.

Appellee has cited no authority where a change of custody has been ordered when the only evidence of changed conditions was of the parents' ability to provide a home and support for the child since the prior award. This was one of the grounds on which the award was sustained in Ex parte Boyd, Tex.Civ.App., 157 S.W. 254, 255. The other ground was that at the time of the former award the mother had "neglected and refused to perform the duties of a mother" but was "faithfully and lovingly performing her duty to the child" at the time of the latter award. Whether her neglect and refusal to perform her duties as a mother at the time of the prior award was due to her lack of a home and position does not appear. In Patterson v. Wilson, Tex.Civ. App., 177 S.W.2d 1004, W.R.W.M., a decree awarding custody of an eight year old boy to his father was entered on August 20, 1943. On October 18, 1943, the court awarded custody to the mother from September 1st to June 15, and to the father from June 15 to September 1st of each year. At the time of the first award the father and his second wife were living in the home of the boy's paternal grandmother, but prior to the time of the modification of custody they had moved

to a hotel. As we understand the opinion, the change of the father's abode was the paramount if not the sole basis for a change of conditions on which the latter award was sustained, since the award of partial custody to the father adjudicated him to be a suitable person, notwithstanding allegations in a petition for divorce filed against him by his second wife after the original award, to effect that he got drunk, kicked and cursed her, all of which he testified were untrue.

■ In child custody cases the question of which custody will best subserve the welfare and interest of the child, where both parents are suitable persons to have such custody, is a difficult one. The mother's ability to provide a suitable home and adequate support for herself so that she can the better attend to the physical needs and give the care and attention to a child of tender years which only a mother can give (Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426, 428), it seems to us is of paramount importance. The trial court did not abuse his discretion in concluding that appellee, without a permanent home, without employment, and with an allowance of only $40 per month for support of her son at the time of the Arizona judgment was unable to perform her duties as a mother with the same ability and thoroughness that she could under changed conditions, when she had a suitable and permanent home with her aunt, where the boy would also receive the love and affection of Mr. and Mrs. Burleson and their daughters. These findings are sufficient to support the conclusion that the welfare and best interest of the child would be best subserved by a modification of custody under such changed conditions.

See also Mayes v. Timmons, Tex.Civ. App., 183 S.W.2d 989.

■ While appellant makes no specific point he intimates in argument that appellee should have been denied relief because the record discloses, at least by inference, that she fled from Arizona and removed the child to Texas in order to deprive the Arizona court of its power to enforce its judgment. This contention is without merit. Evans v. Taylor, Tex.Civ.

App., 128 S.W.2d loc. cit. 79, par. 8. Also without merit are appellant's points in effect that the provisions of the judgment that the child remain at all times within the state of Texas and be not removed from the jurisdiction of the court are void, and that the court abused his discretion by incorporating such provisions in the judgment. Even in the absence of such provisions, in child custody cases, infants, as wards of the court, should not be removed out of its jurisdiction without leave of court. 43 C.J.S., Infants, § 7, p. 57; and such removal, at least until the judgment becomes final, is constructively fraudulent. Burckhalter v. Conyer, Tex.Com. App., 285 S.W. 606.

From the opinion in Dickson v. McLaughlan, Tex.Civ.App., 69 S.W.2d 209, it is deducible that the order of July 29, 1933, provided that the child should not be removed from the state of Texas or that the father deemed it necessary to secure specific authority to remove her in the absence of such provision; otherwise there would have been no necessity for a modified order. The modified order, which was affirmed, prohibited removal to any other states than Louisiana and Texas.

It may be conceded that the judgment in this case awarding partial custody to the father, a resident of Arizona, and providing that the child remain in Texas and be not removed from the jurisdiction of the court, is somewhat paradoxical. The effect of such provision is to limit, if not practically destroy the partial custody awarded to the father. An award of custody of a minor to a non-resident is unusual, but within the power or jurisdiction of the court. Patterson v. Wilson, supra; Futch v. Futch, 299 S.W. 289, loc. cit. 291.

In view of all the circumstances we cannot say that the judgment shows an abuse of the broad discretion vested in trial courts in child custody cases.

The judgment is affirmed.