**REDWINE v. REDWINE et al.**

No. 5756.

Court of Civil Appeals of Texas. Amarillo.

Dec. 9, 1946.

Rehearing Denied Jan. 6, 1947.

court without a jury. Judgment was rendered granting the husband a divorce, awarding custody of the child to the paternal grandparents and ordering the husband to pay $25 per month for the support of the child. The appellant attacks the judgment on the grounds that a divorce should have been granted to her, that the husband condoned whatever acts of cruelty she committed, that the custody of the child should have been granted to her and that certain testimony was inadmissible.

The sufficiency of the evidence is not questioned. Our review of it shows that such relation existed between the husband and appellant as to render their further living together insupportable. The finding of the court in the husband's favor was general and, therefore, every issue of fact raised by the testimony must be found in his favor. Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241, 242. Relative to the defense of condonation, the general rule is that the injured party must be treated with conjugal kindness and consideration in the future or the former acts of cruelty are revived. Tinnon v. Tinnon, Tex.Civ. App., 278 S.W. 288, 290; Barta v. Barta, Tex.Civ.App., 283 S.W. 201, 203; Hays v. Hays, Tex.Civ.App., 123 S.W.2d 968, 969. Acts of cruelty occurring after separation are available as grounds for divorce. Steele v. Steele, Tex.Civ.App., 257 S.W. 300. It logically follows that such acts will revive condoned acts of cruelty occurring prior to the separation. The testimony shows that the husband told appellant that he would forgive her conduct while he was overseas in military service if she would thereafter make a home for him and the baby. The appellant not only did not promise to conduct herself in accord with this request or later ones but continued to act in such a manner as to humiliate and vex him. On at least one occasion after their separation, her deportment was of a similar nature. It appears that the husband was earnestly attempting to preserve his home and his promises to forgive and forget did not bar him from urging appellant's prior acts of cruelty as grounds for divorce when she demonstrated that his promises would not induce her to resume proper marital relations. The appellant's con-

E. A. Blair, of Lubbock, for appellant.

Nelson, McCleskey & Howard, of Lubbock, for appellees.

BOYCE, Justice.

The appellee Frank J. Redwine, hereafter called the husband, brought this suit against the appellant Geneva Redwine, for a divorce and custody of their child, a boy about two and one-half years of age. The appellant filed an answer and cross-action in which she asked for a divorce and custody of the child. Cruel treatment was alleged as grounds for divorce by both parties. The parents of the husband and his sister and brother-in-law intervened, praying that the custody of the child be awarded to one or the other of those families. The case was tried before the

tentions that the divorce should have been awarded to her and that her acts of cruelty had been condoned are overruled.

■■■ The chief contention in the case is presented by the point that custody of the minor child should have been awarded to the appellant. This court has held that unless the mother is shown to be unfit to assume such responsibilities, she is the proper one to have the custody and care of a very young child. McGarraugh v. McGarraugh, Tex.Civ.App., 177 S.W.2d 296, 299; Lanford v. Carruth, Tex.Civ.App., 186 S.W.2d 368, 369; Cass v. Cass, Tex. Civ.App., 193 S.W.2d 279, 280. See also Swift v. Swift, supra, and Cain v. Cain, Tex.Civ.App., 134 S.W.2d 506, 509. This is but an expression of the natural law of the mother and child relation which must be considered in determining what is for the best interests of the child. The appellant is a girl about twenty-two years of age. She has been employed at the Montgomery Ward Store in Lubbock at a salary of $24 per week since her marriage. When the baby was about a year old the father, who was in the army, was sent overseas, where he served for about eight months. While the father was overseas, the appellant was guilty of indiscretions, continued after his return, which constitute the basis for the divorce. Although the appellant's conduct was in some respects unconventional, it is not shown that she is of bad moral character. In the plea of intervention, relatives of the husband, who were represented by his attorneys, allege that they have no animosity toward appellant and that they are willing for her to have custody of the child at reasonable intervals for reasonable periods of time. The chief reason assigned for depriving appellant of the child's custody is that she has frequently left him with others at night while seeking recreation and that her care of the child has not been as constant as it should have been. The evidence shows that appellant occupies a five-room house in a good location with her mother and grandmother, both widows, who are able and anxious to care for the child. Appellant's mother is also employed at Montgomery Ward. Appellant's grandmother is about 66 years of age; she testified that she did not have enough to do in helping keep the house. The child will be left to the care of appellant's grandmother during the day. At night, appellant's mother will care for him when appellant is absent. The testimony does not show any superior financial ability on the part of the intervenors, to whom the custody of the child was awarded, to care for him. During the time the husband was overseas, he required that the child be left with his parents during the day and appellant paid them $5 per week for their services. It is not shown that appellant has ever placed the child with unsuitable persons while she was at work or away from home on other occasions. It is our opinion that the best interests of a child so young require that he receive as near the normal amount of maternal care as possible; that in appellant's custody, he will receive more of such care than he would in the custody of his paternal grandparents. The point urging error in the award of the custody of the child to the intervenors is sustained.

If any error was committed in the admission of the testimony complained of, it was harmless.

The judgment of the trial court is affirmed insofar as it grants a divorce to appellee and requires him to contribute $25 per month to the support of the child; it is reversed insofar as it grants custody of the child to the intervening paternal grandparents, and is here rendered decreeing such custody to the appellant, with suitable privileges of visitation by the father. The costs accrued in the trial court and in this court are taxed against the appellee, Frank J. Redwine.