**BRADLEY v. BRADLEY.**

No. 9606.

Court of Civil Appeals of Texas. Austin.

Jan. 29, 1947.

Rehearing Denied Feb. 19, 1947.

Paul Petty, of Ballinger, for appellant.

A. O. Strother, of Ballinger, and Baker & Baker, of Coleman, for appellee.

HUGHES, Justice.

This is a divorce and child custody case; both parties having appealed.

Plaintiff in the trial court, Pauline Bradley, will be referred to as appellant, and defendant, Ralph William Bradley, as appellee.

Both parties are satisfied with the judgment in so far as the decree of divorce is concerned, but are dissatisfied with the disposition made of their 3-year old daughter.

Appellant sued for divorce and custody of the child; appellee in his answer also sued for divorce and asked that custody of their child be given to his father and mother, Mr. and Mrs. H. G. Bradley; he did not ask custody for himself.

The trial court impaneled and used, in an advisory capacity, a jury.

Upon special issues submitted to the jury, it found:

(a) That appellant, Pauline Bradley, was a suitable person to have the care and custody of her daughter.

(b) That it was to the best interest of the child that appellant, Pauline Bradley, be awarded her care and custody.

(c) That Mr. and Mrs. H. G. Bradley were suitable persons to have the care and custody of the child.

(d) That it was not to the best interest of the child that her care and custody be awarded to Mr. and Mrs. H. G. Bradley.

The trial court, in his judgment, found, from the findings of the jury and the evidence, that Mr. and Mrs. Bradley and appellant were fit and suitable persons to have the care and custody of such child, and found that it would be to the best interest of the child to award her care and custody as follows:

To Mr. and Mr. H. G. Bradley for a period of two weeks beginning October 14,

1946, and during subsequent years to Mr. and Mrs. H. G. Bradley for a period of two weeks commencing the second Monday in January; for two weeks commencing the second Monday in April; for two weeks commencing the second Monday in July; and for a period of two weeks commencing the second Monday in October.

To appellant, Pauline Bradley, the care and custody of the child at all other times.

Appellant and appellee, in their briefs, both ask that this court reverse and render judgment; neither party asking that a new trial be granted, nor that the cause be reversed and remanded.

Both parties rely, appellant in her brief and appellee in oral argument, upon the case of Byrd v. Byrd, Tex.Civ.App., 195 S.W.2d 822, by this court, wherein it was held that it was improper to divide the custody of a 22-month old child between the parents.

■ If a parent is not disqualified to have the care and custody of her child, the law presumes that it is to the best interest of the child that he, or she, should have custody, as against third parties. Clayton v. Kerbey, Tex.Civ.App., 226 S.W. 1117, error ref.; Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241.

■ It is wholly immaterial that the paternal grandparents were fit and suitable persons to be awarded the care and custody of their grandaughter, if the finding of the jury and the court that the mother was a fit and suitable person to be entrusted with her care and custody is supported by the evidence. There may be many suitable persons to be awarded the care and custody of a minor child, but this fact alone would not justify nor authorize a court to deprive a parent of the custody of his child.

Appellee, in arguing that the finding of the jury and court that appellant is a fit and suitable person to be awarded the custody and care of her child is against the preponderance of the evidence, refers specifically to the following incidents:

Woodson Adkins testified that on one occasion he saw appellant at the Wayside Inn, and that she was so drunk that she had to be carried out. Appellant at such time was with her husband and he drank with her, and he and others in the party bought the drinks which were consumed.

This witness also testified that one night when he and appellant were in California, and appellee was not present, that appellant grabbed him around the neck, and that he kissed her. The witness did not tell appellee of this incident until the day before this trial. While appellee was on the witness stand he testified that the witness Woodson Adkins was a very close and dear friend of his. That close friendship could endure under the circumstances is almost incredible, and it is small wonder that the court and jury did not place too much credence in the testimony of Woodson Adkins.

This same witness also testified that appellant passed out at the Hangar, a dance hall near San Angelo. On this occasion she was also accompanied by her husband.

Mrs. Hugh Tankersly testified that she saw appellant at the Wayside Inn drinking and dancing, and that she had seen her intoxicated. This witness was also drinking and dancing. She testified that she was a very good friend of appellee and his family, and that she was a willing witness; she also testified that she had seen appellant · dance with Wayne Ransberger. Ransberger and Buddy McQueen, who was a brother of appellant, were in the Army together and had spent 20 months together in a German prison camp. They were very close friends, and Ransberger frequently visited Buddy in his home.

Appellee testified that appellant told him that she had been going with Wayne Ransberger and had fallen in love with him; and that Ransberger told him the same thing. Yet, in spite of this, appellee continued to go to taverns with Ransberger and his wife, testifying that he had to go with them or stay at home and let them go alone, or that he could have fought somebody.

Appellant and Ransberger both denied that they were in love with each other, or that they had told appellee that they were.

That the court and jury, under the circumstances, did not accept appellee's testi-

mony as to this is easy to understand. Certainly appellee's conduct in continuing to go out with his wife and her alleged lover did not comport with what a husband would usually do under similar circumstances.

It is shown beyond dispute that appellant visited night clubs and taverns, sometimes in the company of her husband and sometimes without her husband, but with her brother and other friends; that she danced and drank beer.

Every material charge made against appellant, except those mentioned in the preceding paragraph, was disputed, in that she denied that she had ever acted improperly and denied that she was guilty of any act of wrongdoing which some of the witnesses attributed to her. These charges and her denials made typical fact issues for the court and jury, who had the opportunity of seeing the witnesses, observing their attitude and weighing their testimony.

Appellee's mother, Mrs. H. G. Bradley, testified that appellant lived in her home a good deal after she and her husband were married; that appellant took good care of her daughter and appeared to love her, and that she appeared to want to take good care of her.

There is strong evidence in the record that the home of appellant's father and mother is not a suitable place for small children to reside. However, appellant positively testified that she will not take her daughter to her father's and mother's home, but that she will go to Dallas and live with her sister, who has a small child of her own.

■ We, therefore, hold that the findings of the jury and the court that appellant was a suitable person to be awarded the custody of her daughter were warranted by the evidence, and are unwilling to hold, as a matter of law, that appellant's conduct, in visiting taverns, dancing and drinking beer, was in itself sufficient to show she was unfit to be awarded such care and custody.

■ In accordance with the request of both parties that judgment be rendered and because we believe the law and evidence so require, we modify the trial court's judgment so as to eliminate therefrom the award of custody to appellee's parents for the periods therein stated, and so as to award the full care and custody of the child to appellant.

The right of appellee to visit such child at all reasonable times is not disturbed.

The judgment of the trial court as here modified is affirmed.

Modified and affirmed.