**SPELL et al. v. GREEN et al.**

No. 6262.

Court of Civil Appeals of Texas. Texarkana.

Feb. 26, 1947.

Rehearing Denied March 6, 1947.

S. I. Cornett, of Linden, and W. P. Sexton, of Orange, for appellants.

Wm. V. Brown and Wm. V. Brown, Jr., both of Texarkana, for appellees.

HALL, Chief Justice.

This is an action brought by appellants against appellees to change the custody of Barbara Ann Spell, a minor girl nine years of age.. Appellants allege with much detail certain acts and conduct on the part of appellee Virginia Spell Green rendering her an unfit person to have the care and custody of her minor child, even for a part of the time. They allege further that Virginia Spell Green has since her divorce from appellant J. R. Spell married one Robert Green, who is also an unfit person to have the care and custody of said minor. Appellants also allege that they are proper persons to have the full custody of said minor. Appellees joined the issue and the case was submitted to the court without a jury, which resulted in judgment awarding the full custody to appellees, the mother and step-father of the minor, with the right of J. R. Spell to visit the child "at all reasonable times, convenient to the defendants (appellees), and when such visits will not interfere with proper schooling and rearing of said child."

By their first point appellants assert that the trial court "erred in awarding the full custody of the minor to appellees in the absence of any cross action or affirmative pleadings upon the part of appellees alleging a change in the circumstances, surroundings and conditions of the parties or of the child." This cause went to trial upon the first amended original petition of appellants and the original answer and a supplemental answer of appellees. The allegations in the original answer of appellees respecting the proper care and custody of the ·minor contain the following averments:

"Defendants would show to the court that they are husband and wife and that they have a home, where they can properly care for the said Barbara Ann Spell, and where she can have the care and attention of her natural mother, as well·as her maternal grandmother and her step-father, Robert Green, and that the said.defendant, Robert Green, is gainfully employed and earns sufficient money to care for and support said child in a first class manner, and in a manner suitable to the position and station of life of said child.

"That all of defendants love said child and can rear her in a homelike and peaceful and christianlike atmosphere and give her the love and care that only a natural mother can give.

"That said Barbara Ann Spell is a nervous child and needs to be near where she can get expert medical care and that she can get such care at Texarkana where they are specialists in the treatment of children, and the condition with which said child is afflicted.

"Defendants also allege that the question of the custody of said child should be reopened, and that upon a hearing herein that the full custody of said child should be awarded to the defendants, and that the plaintiffs should be required by a writ of mandamus from this court to deliver said child to defendants, and that the plaintiffs and each of them should be enjoined from

molesting these defendants in their custody of said child, and enjoined from taking said child from the home of the defendants, from school or from any other place.

"Defendants would show to the court that the best interest and welfare of said child would be to place it with these defendants."

The supplemental answer closes with a prayer for relief as in their original answer.

■■ No exception was leveled at these allegations. The cause was tried on the theory that both parties were seeking full custody of the child. Under such circumstances, in a case of this character, the answer is sufficient to support the judgment rendered. In suits involving the proper custody of minors the judgment of the court rests more upon the evidence than the pleadings. Tunnell v. Reeves, Tex. Com.App., 35 S.W.2d 707. In Williams v. Perry, Tex.Com.App., 58 S.W.2d 31, 33, Judge Critz, speaking for the Commission of Appeals, has this to say with respect to the office of pleading in a child custody case: "In such a case, pleading is of little importance and the judge exercising the jurisdiction of a chancellor has broad equitable powers. In other words, the rule is that the powers of the judge are liberally construed."

It is said in Thompson v. Haney, Tex. Civ.App., 191 S.W.2d 491, 492, that "Rule 90, Texas Rules of Civil Procedure, provides that a party who complains for the first time on appeal of any claimed defect, omission, or fault of the pleadings of the adverse party and does not properly call attention of such to the trial judge has waived such irregularities, if any there be, and the said rule is applied in a similar question in the case of Litterst v. Edmonds, Tex.Civ.App., 176 S.W.2d 342." Furthermore it is thought that Rule 67, Texas Rules of Civil Procedure, has special application here. This rule specifically provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." This point does not present error and is therefore overruled.

Next, appellant complains of the action of the court in holding the evidence sufficient "to warrant the modification of the original decree of the district court of Orange County, Texas, so as to award the full time custody of the minor to the defendants (appellees), and in accordingly making such decree."

On September 29 1943, in a suit brought by appellant J. R. Spell against appellee Virginia. Spell Green (then the wife of J. R. Spell), the Orange County District Court granted a divorce to appellant Spell and awarded the custody of their minor child to Mrs. Lucille Morris, sister of appellant, with permission for the child to visit its mother, appellee Virginia Spell Green, during the summer months while school was not in session. On June 6, 1945, Mrs. Morris and appellant J. R. Spell filed their petition in Orange County District Court, seeking the full custody of the minor on the grounds that the best interest of the child warranted such modification of the prior order fixing her custody. At the time of the filing of such petition, appellees were residents of Cass County, Texas, and accordingly they filed their plea of privilege to be sued in Cass County. The trial court of Orange County overruled the appellees' plea of privilege and proceeded to try the case and entered an order changing the previous order and awarded the full custody of the child to appellant Mrs. Morris. An appeal by the appellees here to the Beaumont Court of Civil Appeals resulted in a reversal of said judgment, and the case was ordered transferred to Cass County. Green v. Spell, Tex.Civ.App., 191 S.W.2d 92, writ of error denied by Supreme Court; Spell v. Green, Tex.Sup., 192 S.W.2d 260. As said above, a trial in Cass County resulted in an award of the full custody of the minor to appellees, with permission given to appellant J. R. Spell to visit the child at reasonable times.

Appellants' point here under consideration presents the question of the sufficiency of the evidence to support the judgment. It is contended by appellants that the only change in conditions shown by the pleadings and proof respecting appellees' ability to care for and rear the child, occurring since the order entered by the district court

716

of Orange County, is the marriage of Virginia Spell, the mother, to Robert Green. The record reflects that on the date of the entry of the divorce decree and the award of the custody of the minor to the appellant Mrs. Morris, sister of appellant J. R. Spell, appellee Mrs. Green was not employed and had no place to care for and rear said child. On the date of this trial the evidence shows that the mother is married to Robert Green who is gainfully employed and that they are now living in a six-room house which they are buying in the town of Atlanta, Texas. There is evidence in the record that the step-father (Robert Green) is very fond of the minor and that she is also affectionate toward him. The record reflects that the mother and child are devoted to each other, and that the minor's personal appearance with respect to health, cleanliness and dress is above the average. The evidence shows that the child is happy and contented in the custody of her mother. Dr. Burnett, a very reputable physician who specializes in pediatrics, testified that he made a thorough examination of the minor a short time before the trial and found nothing "organically or mentally wrong with the child"; that she did not appear to be nervous nor did she show any symptoms of tuberculosis; that she appeared to be a normal child. This physician found the child underweight and suffering from "cryptic and chronically infected tonsils" which probably should be removed. Mrs. Ledwell, a teacher in the city schools of Texarkana, Arkansas, testified that she taught the child a short time in the fall of 1945; that she appeared to be normal; and that there was nothing abnormal about her; that "she was a very sweet child, lovely disposition, and got along with the children was perfectly willing to do any assignment given her." This witness also testified that the mother was devoted to the child and accompanied her to school each morning and the child seemed to be happy. Several of appellees' neighbors testified that appellees were respectable people. There is, of course, testimony contradicting the above facts, with respect to the condition of the health of the minor. There is also evidence of specific acts of misconduct on the part of both appellees, which is strenuously denied by them. At the conclusion of the testimony, before the judgment was rendered, the trial court, with the consent of the parties, had a private interview with the minor.

"No more sacred trust or graver responsibility can be devolved upon a court than the duty of determining which one of two contending parents shall have control of their minor children." Haymond v. Haymond, 74 Tex. 414, 12 S.W. 90, 93. It is now a general rule of law in this state that in cases of this nature the welfare and best interest of the minor is of paramount importance, and controlling. In Bohls v. Bohls, Tex.Civ.App., 188 S.W.2d 1003, 1005, it is said: "The authorities uniformly hold that the welfare of the child is of paramount consideration in such cases, and that the trial judge is given a broad discretion in such matters, and that in a proceeding to change a child's custody from that fixed in the divorce judgment, the district judge's findings and decisions altering, changing, or modifying the original award of the custody cannot be interfered with by the appellate court, where supported by substantial evidence;" (and numerous cases there cited).

It is also a rule that "girls of tender years should ordinarily be awarded to their mother, where she is found to be a fit person and capable of properly caring for them." Mayes v. Timmons, Tex.Civ.App., 183 S.W.2d 989, 990. And it is our duty to view the whole of the evidence in the light most favorable to the judgment of the trial court. Norris v. Norris, Tex.Civ.App., 194 S.W.2d 813.

"The courts of this state have held in an unbroken line of authorities that the judgment of a trial court awarding the custody of a child, being addressed to the sound discretion of the court, will not be disturbed on appeal, unless it is so contrary to the great preponderance of the evidence as to show an abuse of discretion." Prendergast v. Prendergast, Tex.Civ.App., 122 S.W.2d 710, 713; Penn v. Abell, Tex.Civ.App., 173 S.W.2d 483.

Many more cases could be cited supporting the rules cited above.

As stated above, the trial judge had a private interview with the minor. The record is silent as to what information the little girl imparted to him, but in view of the judgment rendered we hazard the opinion that the child gave no information to the judge which was derogatory to her mother. From the record before us we conclude that there is substantial testimony supporting the trial court's judgment awarding the full custody of this minor girl to appellees, mother and step-father, hence no abuse of discretion is shown. This being true, we would not be warranted in setting it aside.

The judgment is affirmed.