## CANNING v. CANNING.

### No. 2851.

Court of Civil Appeals of Texas. Eastland.

March 23, 1951.

Thomas & Thomas, Big Spring, for appellant.

Coffee, Coffee & Gilliland, Big Spring, for appellee.

PER CURIAM.

Elizabeth Canning sued her husband, Harold Canning, for divorce and custody of their children, a girl, two, and a boy, six years of age. Harold Canning filed a cross-action for divorce and custody of the children. On a trial to the court, judgment was rendered granting Mrs. Canning a divorce. Custody of the children was awarded the mother for six months and to the father for six months of each year. Mrs. Canning has appealed.

Appellant predicates her appeal upon one point, to-wit: "The trial court erred in failing to award full custody of the children to appellant." It will serve no useful

purpose to set out the testimony in detail. The fact that the court awarded the children to the mother for part time and to the father for part time establishes a finding that each parent was at that time a suitable person to have custody of the children. Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241; Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426.

Under some circumstances, divided custody of children has been approved. However, each case must be determined upon the facts in that case. The trial court has a wide discretion in determining custody of children and its judgment will not be disturbed unless a clear abuse of discretion is shown. Both of the parties to this suit are employed. They earn about the same salary. The boy, who is six years of age, is now in school. Neither of the parents will be with the children in the day time. Each of the parents must employ some person to care for the children during the day. Appellant testified that she had a six room house rented and had employed a woman to assist her in caring for the children.

Appellee lives in one room in the home of Mr. and Mrs. R. C. Nichols, who have two children. Appellee testified that while the children were in his custody he would live in this room and Mrs. Nichols would care for the children. Neither Mr. or Mrs. Nichols testified. There is no showing that they would be willing for the children to live in their home and that Mrs. Nichols would care for them. There is little testimony tending to show the surroundings and the kind of care these children will have. We think the case has not been fully developed along this line.

Much has been written by our courts upon the question of divided custody of children. This court has, in some cases, approved such a judgment. However, the facts in these cases are different from the one under consideration. In Lasater v. Bagley, Tex.Civ.App., 217 S.W.2d 687, in an opinion by Judge Grissom, this court sustained a divided custody judgment in which the custody of an eight year old boy was awarded to the mother from June 1st to September 1st each year, and to the father from September 1st to June 1st. That judgment did not authorize change of custody during the school term. Furthermore, it was there shown that the child would be properly cared for in both homes. In Watts v. Rutledge, Tex.Civ.App., 211 S.W.2d 995, this court approved a judgment dividing the custody. The judgment provided the father should have the child nine months of each year and the mother should have custody of the child during three months following the school period.

Appellee relies upon Hamer v. Hamer, Tex.Civ.App., 184 S.W.2d 492, in which a judgment dividing the custody was approved. However, in that case the trial court attempted to retain jurisdiction over the parties and the child so that it might modify and change the custody at any time. There, the court suggested that when the child reached the age of seven, it would be proper to award its custody to one parent for nine months and the other for three months.

In the instant case, there is no showing as to whether the little boy will have to change schools in the middle of the term. We cannot determine from this record whether the parties live in the same school district. Under the facts in this case, where it is shown that both parents are employed and are away from home during the day and that it will be necessary for some other person to be employed to look after the children, it seems to us that divided custody may be impractical. To illustrate, if the mother has the children for six months and has employed an efficient woman to care for them, when the custody is changed to the father the mother will necessarily have to discharge the woman because she will not then need her services. When the time comes again for the mother to receive the children, it may be impossible for her to obtain the services of the same woman or of another who will properly care for them. This illustration applies also to the father's situation. We cannot approve divided custody for a child of school age during the school term under the circumstances shown. The daughter was two years old at the time of the trial. The

decisions are in accord to the effect that custody of such a very young daughter should ordinarily be awarded to her mother, if she be a proper person. This is certainly the rule in the absence of most unusual circumstances affecting the child's welfare.

This court has great respect for the ability of the trial judge. However, it is our considered opinion that the judgment as to custody should not be sustained. The paramount issue in all child custody cases is the best interest of the child. We feel that the case has not been fully developed on the issue of custody. Therefore, the judgment of the trial court is reversed and the cause remanded on this issue. The judgment, in all other respects, is affirmed.

Reversed and remanded in part and in part affirmed.