**CLASSIC et al. v. BURGESS et ux.**

**No. 14626.**

Court of Civil Appeals of Texas. Dallas.
April 3, 1953.

On Rehearing May 15, 1953.

L. F. Sanders, Canton, for appellants.

Enoch G. Fletcher, Grand Saline, for appellees.

DIXON, Chief Justice.

This is a child custody case. The contestants are the mother of the child and the paternal grandparents.

The parents were divorced March 8, 1951 and the child, a little boy about three and a half years old, was awarded to the paternal grandparents, D. G. Burgess and wife Omega Burgess. Since the divorce, both parents have remarried. The mother, formerly Ann Burgess, is now the wife of Dennis H. Classic.

On April 14, 1952 the mother, joined by her husband, filed suit for change of custody, alleging that conditions had changed since the divorce judgment and that it was to the best interest of the child to have custody awarded to her, Ann Classic, the child's mother. The grandparents contested the suit. At a trial before the court judgment was entered May 20, 1952 awarding custody to the mother for six weeks and thereafter to the grandparents for nine months of the year and to the mother for the three months of June, July and August. Both sides have appealed and both sides ask that the judgment be reversed and rendered. The grandparents ask that they be awarded custody for the entire twelve months of each year; the mother asks the same thing.

There is no statement of facts in the record. We must therefore presume that the court's findings are supported by evidence. Pridgen v. Bubella, Tex.Civ.App., 229 S.W.2d 654.

The findings and conclusions filed July 15, 1952 are as follows:

"First: This suit was instituted by Ann Classic, joined by her husband, mother of the child, against Donald Burgess and wife, Omega Burgess, the paternal grandparents of the child for a change of custody. Second: The father of the child was present in court and testified, but was not a party. The divorce judgment granted custody of the child to the grandparents named above. Third: No proceedings were ever had to show that the child was a dependent and neglected child, or that the mother was an unfit person to have custody of him. Fourth: Both parents of the child have married again. Fifth: Both parties hereto are financially able to care for the child. Sixth: No changed conditions, insofar as Donald O. Burgess and wife were concerned, were shown by the evidence. Conclusion: No grounds have been established for changing the custody other than to provide for the rights of visitation."

The findings in the judgment itself, rendered May 20, 1952, are as follows: "* * * the Court * * * is of the opinion that the conditions of the parties have changed since the entry of the former judgment and order herein respecting the custody of said child, in that the mother of said child now has a fixed home, * * *."

We think an analysis of the above findings may properly be summed up to this effect: The mother has never been charged with neglecting her child, or with being unfit to have custody of her child; at the time of the divorce the mother had no fixed home where she could take care of her child, so the child was placed with the grandparents; now conditions have changed so that she does have a fixed home where she can take care of the child, and is both a fit person and is financially able to do so.

Is this such a change of conditions as will support the judgment of the court in changing the custody of this child? We believe that it is. In this case it appears that the mother, as is so often the case, had no fixed home at the time the divorce was granted and for the time being at least could not take care of her child. There is nothing in the record to show that her unfortunate circumstances were her fault. So far as the record shows, no

one had ever charged her with neglecting her child or of being unfit to have custody of it; and it is necessarily implied that the court found her fit to have custody at the time the present judgment was entered; otherwise the court would not have awarded her six weeks custody and three months of each year in the future. Canning v. Canning, Tex.Civ.App., 237 S. W.2d 1019.

The case of Sawyer v. Bezner, Tex.Civ. App., 204 S.W.2d 19, we think is a case in point. The facts were quite similar to the facts in the instant case. In a divorce judgment minor children had been awarded to the paternal grandparents who were reputable citizens well fitted to have care and custody of the children. At the time of the divorce the mother had no home, consequently she was not in position to take care of her children. Subsequently the mother remarried. She and her second husband established a suitable home; and upon application by their mother, the custody of the children was changed from the paternal grandparents to the mother. The Court of Civil Appeals held that under the circumstances the situation presented a change of conditions which as a matter of law supported the action of the trial court in changing custody. See also Spell v. Green, Tex.Civ.App., 200 S.W.2d 713; Duncan v. Duncan, Tex.Civ.App., 197 S.W. 2d 229; Wade v. Shaughnessy, Tex.Civ. App., 231 S.W.2d 494.

However, we think that the trial court erred in awarding the mother only part-time custody. Divided custody is condemned under our law. Immel v. Immel, Tex.Civ.App., 231 S.W.2d 732; Dunn v. Dunn, Tex.Civ.App., 217 S.W.2d 124.

■ In our opinion it was the duty of the court under the principles applicable in our State to the awarding of custody of children, to award the mother full custody of this child. It has long been the rule in our country that, other things being equal, the mother is the proper custodian of children, especially of children of tender years. The reason for the rule is that a child's welfare, which is the paramount consideration, is best served when it is under the care of its own mother. Redwine

v. Redwine, Tex.Civ.App., 198 S.W.2d 472. In the record before us no one says that this mother ever neglected her child or was unfit to have custody of it. Apparently her only disqualification at the time of the divorce was that she did not have a fixed home where she could properly care for the child. That condition has now been corrected. We think that under the facts before us the age-old rule must be applied and the child should be placed in the full custody of its mother. State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901; Fox v. Fox, Tex.Civ.App., 210 S.W.2d 622; Dunn v. Dunn, Tex.Civ.App., 217 S.W.2d 124.

It is fortunate that the grandparents in this case were able and willing to step into the breach created by the divorce and give the child a good home for something more than a year. They are to be commended and well deserve the gratitude of all concerned. But the law is very plain that a child's own parent, especially its mother if she is fit and able, must be preferred to others, including grandparents, in having the care and custody of her child. Dunn v. Dunn, Tex.Civ.App., 217 S.W.2d 124; Bradley v. Bradley, Tex.Civ.App., 199 S.W.2d 545; Redwine v. Redwine, Tex. Civ.App., 198 S.W.2d 472, 473; Stutts v. Stutts, Tex.Civ.App., 177 S.W.2d 294.

The judgment of the trial court is reversed insofar as it awards a divided custody of the child, and judgment is here rendered awarding full custody to the mother.

Reversed and rendered.

### On Rehearing.

■ As indicated in our opinion, both sides in this case are before us as appellants. Both of them duly gave notice of appeal, both filed appeal bonds on June 14, 1952 and both sides in their briefs on appeal asked us to reverse and render the cause in their favor. Neither side prayed that the judgment of the trial court be affirmed. It was not until we had reversed and rendered the case in favor of the mother, that the grandparents in their motion for rehearing prayed, in the alternative, that the judgment of the trial court

be reversed and remanded, or, also in the alternative, be affirmed. We call attention to this state of the record because the grandparents in their brief refer to themselves as appellees, and seek to place on the mother the legal burdens on appeal which must be carried by an appellant, while claiming for themselves all the legal presumptions that ordinarily must be indulged in favor of an appellee who seeks only an affirmance. There was as much a burden on the grandparents, as appealing parties, to bring up a statement of facts in the record as there was on the mother; and as much of a burden also to request supplemental findings of fact if they wished on appeal to urge that we either reverse and render in their favor, or reverse and remand.

There is nothing in the record on this appeal to indicate that this mother is unfit to have custody of her child. On the contrary, the court's judgment awarding her custody for three months of each year carries with it a presumption that she is fit to have custody. Moreover the court expressly found that "no proceedings were ever had to show * * * that the mother was an unfit person to have custody of him."

In his findings and conclusions filed at the request of the mother, the trial court made no fact findings as to changed conditions which might support the judgment rendered changing custody. But in the written judgment signed by the court there is such a finding. The court says: " * * the conditions of the parties respectively have changed since the entry of the former judgment and order herein respecting the custody of said child, in that the mother of the said child now has a fixed home * * *." Since the mother, so far as the record shows, is a fit person to have custody, is now financially able to do so, and now has a fixed home, we held that as a matter of law the best interests of the child would be served by awarding her full custody.

We believe that the law frowns on divided custody of a child. We believe further that such rule is grounded on rea-son and good sense. A divided custody may be expected to develop in a child a sense of instability, insecurity and confusion which might well have permanent ill effects on its life, even as an adult. The frequent change from one environment to another, the confusion incident to adjusting to different disciplinary codes, and the difficulty of conforming to varying and often conflicting rules of conduct in general, can do a child no good. And these considerations seem to us to be more moving when a child, as is usually the case, must divide its time between hostile camps, in which the jealous and warring custodians do not ordinarily speak well of each other, if they speak of each other at all. We do not say that such are the facts in the case before us, for there is no statement of facts in the record. But we believe the undesirable features of divided custody are apparent, even when the contestants are both fit to have custody, as they seem to be in this case.

The trial court concluded, "No grounds have been established for changing the custody other than to provide for the rights of visitation." Nevertheless the court then proceeded to render a judgment changing the custody. We think the quoted conclusion is in conflict with the judgment rendered, and is also in conflict with the finding in the written judgment that there had been a change in conditions.

In the absence of a statement of facts, we cannot say from the record before us whether the facts in the case were fully developed in the trial court. In view of the incompleteness of the record, and the conflicts in it, and the importance of the matters involved, we have concluded that we were in error in rendering judgment. We think that the judgment of the trial court should be reversed and the cause remanded to the trial court for complete development of the facts affecting the welfare and best interests of this child.

Motion of grandparents for rehearing is sustained to the extent that the judgment of the trial court is reversed and the cause remanded for new trial.

Reversed and remanded.