**RALSTON et al. v. OLIVIERI.**

No. 14783.

Court of Civil Appeals of Texas.

Dallas.

Jan. 22, 1954

Shook & Shook, Dallas, for appellants.

Burt Barr and Earl R. Parker, Dallas, for appellee.

DIXON, Chief Justice.

This is a child custody case. In 1952 appellee, Herbert Thomas Olivieri, the father, a resident of Hawaii, was awarded part-time temporary custody of the child by the Circuit Court of Hawaii. In August 1953 appellant Nyna Ralston, the mother, joined by her husband, W. P. Ralston, Jr., residents of Dallas Texas, alleging changed conditions, sued in the Juvenile Court of Dallas County seeking full-time permanent custody. Under the terms of the Hawaiian court's order the child had been on a three months' visit with her mother in Dallas at the time of the hearing before the Dallas Court. All parties, including the child, were in Dallas and were present in court at the Dallas hearing on September 21, 1953.

Appellee presented a plea in abatement in which he alleged that appellants' cause of action should be abated because the Circuit Court of Hawaii has a continuing and exclusive jurisdiction of the custody of the child; and that such continuous and exclusive jurisdiction precludes any other court, under the full faith and credit clause of the Constitution of the United States, from changing the custody—that the only action the Dallas Court could take was to recognize the order of the Hawaiian Court and enforce its terms by ordering the child delivered to appellee.

The trial court sustained appellee's plea in abatement. No evidence was heard, the case going off on the pleadings alone. Appellants' suit was dismissed, and custody of the child was awarded to appellee. A supersedeas bond was denied by the trial court, but this court under authority of Rule 364 of V.R.C.P. granted a supersedeas bond, and the child has remained with her mother pending this appeal.

We here summarize the main allegations in appellants' petition: She and appellee were divorced in Hawaii, April 20, 1949,

and custody of their child awarded to appellant, the mother. Appellant had not had either education or training that would enable her to earn a living for herself and her child; so she came to Dallas and entered Baylor School of Nursing in order to become a trained and registered nurse. Before leaving Hawaii she entered into an agreement with appellee whereby the child would remain with appellee's mother, the child's grandmother, in Hawaii during appellant's education and training in Dallas. She also agreed to waive the payment to her of $40 per month child support during such period. Appellant has finished her nurse's training and is now a registered nurse.

While attending nursing school appellant met and married W. P. Ralston, Jr., now her husband. She is now able to provide an adequate home for her child.

On October 1, 1952 the court in Hawaii entered an order awarding temporary custody of the child to appellee. However this order provided that the child should be with appellant in Texas during the summer months of 1953. Pursuant to this decree the child came to Texas in the early summer of 1953 and was still with her mother at the time appellant filed suit August 12, 1953 asking that permanent custody be returned to her.

Appellant alleges that changed conditions make it desirable for the best interests of the child that custody be changed. The child, eight years old at the time of the hearing September 21, 1953, had entered public school at Grapevine, Texas, and desired to remain with her mother, and to complete her education in Texas and the United States. Appellant's status has improved so that she is now able to provide a proper home and surroundings for her daughter. Appellee, on the other hand, is not in position to care properly for the child, for he must provide care and shelter in his home for his brother, 26 years old, who is mentally retarded. The said brother and the little girl have to sleep in the same room.

We think the court erred in sustaining appellee's plea in abatement. The question has been passed on in a case in which the facts are strikingly similar to those alleged in appellant's petition. In an opinion adopted by our Supreme Court it was held that Texas Courts under such circumstances have jurisdiction to proceed with a trial on the merits. Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165; 116 A.L.R. 1293. We quote from the opinion in the above-cited case:

"It is no longer an open question in American jurisprudence that a child custody judgment is res judicata only of what was then before the court, and that far only is protected by the 'full faith and credit' clause of the Federal Constitution * * *. A subsequent material change of conditions brings into being a new and independent cause of action. * * * The holding is almost universal, so far as our investigation discloses, that the courts either directly or by necessary implication repudiate the rule of 'continuing and exclusive jurisdiction' in the court granting the original custody judgment. * * * In Texas, Judge Gaines had before him in Campbell v. Storer, 101 Tex. 82, 104 S.W. 1047; 1048, the question of the jurisdiction of the Texas courts over the custody of a child left in Texas with its aunt, by its father, a resident of New Mexico. * * * Judge Gaines * * * used the following language: 'The child was in Texas and was temporarily resident here, and that in our opinion is sufficient to give the courts of Texas the power to determine the question of her rightful custody.'" 112 S.W.2d at pages 168, 169. See also Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876, 4 A.L.R.2d 1; Worden v. Worden, 148 Tex. 356, 224 S.W.2d 187; Duncan v. Duncan, Tex.Civ.App., 197 S.W.2d 229.

It has also been held that changes in condition substantially like those alleged by appellant were sufficient to support a judg-

ment changing custody. Classic v. Burgess, Tex.Civ.App., 258 S.W.2d 339; Wade v. Shaughnessy, Tex.Civ.App., 231 S.W.2d 494; Spell v. Green, Tex.Civ.App., 200 S.W.2d 713; Sawyer v. Bezner, Tex.Civ. App., 204 S.W.2d 19.

The judgment of the trial court is reversed and the cause remanded for a trial on the merits.