## MEDRANO et ux. v. RODRIGUEZ.
### No. 9695.

Court of Civil Appeals of Texas. Austin.

Feb. 25, 1948.

Smith and Pollard, of Austin, for appellants.

J. Hubert Lee and R. C. Wilson, both of Austin, for appellee.

GRAY, Justice.

On February 6, 1947, Alex Rodriguez filed his petition in cause No. 76941, in the 98th District Court of Travis County, alleging Alex Rodriguez, Jr., was illegally restrained of his liberty by Teodoro Medrano and wife, Juana Medrano, and praying for writ of habeas corpus. On February 18, 1947, Juana Medrano filed her petition in cause No. 77078, in the 126th District Court of Travis County, praying that Alex Rodriguez, Jr., be declared a dependent and neglected child. On July 8, 1947, cause No. 77078 was transferred to the 98th District Court of said county, and on the same day consolidated with cause No. 96941. Thereafter a trial was had to the court and judgment rendered adjudging said Alex Rodriguez, Jr., not a dependent and neglected child, discharging him from the restraint of Teodoro Medrano and Juana Medrano, and awarding his care, custody and control to Alex Rodriguez. Appellants are the maternal grandparents of Alex Rodriguez, Jr., and appellee is the father. From the judgment Juana Medrano and Teodoro Medrano have appealed. The parties will be referred to herein as appellants and appellee. The child, Alex Rodriguez, Jr., will be referred to as the minor.

The more important facts developed at the trial are: On September 18, 1945, appellee married the daughter of appellants; all parties to this cause then resided in Austin; the minor is a child of this marriage; soon after the birth of this child the mother was in ill health and she and the child went to live with appellants, and continued to reside there until the death of the mother on January 17, 1947. The cause of appellee's wife remaining away from him is disputed; he testified it was because of the influence of appellant Juana Medrano, who testified it was because appellee failed to properly care for and provide for her; that because of her health she was unable to care for herself and baby, and for these reasons appellant took her to her home, and testified the deceased wife said she did not want to return to appellee. It is contended by appellee that he provided for his wife and child up to the time of his wife's death, this being denied by appellant Juana Medrano; Teodoro Medrano did not testify. During the time appellee and his wife lived together they resided in the home with appellee's mother, a widow; about the month of June, 1946, appellee went to California, where he did farm work, and there lived with his mother, his sister and brothers; he testified he sent money from California to his wife, the amounts being disputed by the evidence; he made one trip back to see his wife and child, and then returned to California; his wife died while he was in California the second time, and he learned of her death by letter from his brother, but about two weeks after her death; upon learning of his wife's death he came to Austin and demanded custody of his child from appellants, which was refused him. The evidence shows the feelings of Juana Medrano towards appellee are unfriendly; and appellee attributes much of his trouble to Juana Medrano.

Appellee's mother testified to her desire to have the minor in her home and of her willingness to care for him. It seems clear from the evidence that if given the custody of the minor, appellee expects to take him to California and care for him in the home of his, appellee's, mother.

Appellants undertook to show appellee to be unfit to have the custody of his minor child, principally because, they contend, he is suffering from tuberculosis. On this issue appellants offered but slight evidence; appellee denied he had ever had tuberculosis, but said he had heart trouble, which caused him to be nervous at times; he is deaf in his left ear, for which reason he said he was rejected by the Army.

Appellants present the trial court erred in its judgment awarding the care, custody and control of this minor to appellee, thereby denying such care, custody and control to appellants.

The trial court having heard the testimony found the future welfare and best interest of the minor to be best served by awarding his care, custody and control to appellee, the natural parent, rather than to appellants, the maternal grandparents. In the record as here presented we find no error in the judgment. When unfortunate circumstances make it necessary for a court to determine the future welfare and best interest of children, the best interest of the children is not to be measured alone by the will and desire of the parties, but must be determined by looking to the future welfare and best interest of the children in their relation to the state and society. Schneider v. Schwabe, 143 S.W. 265. Until the natural parent is shown to be disqualified or unfit to have such care, custody and control of minor children, the presumption is that such best interest will be served by the natural parent retaining custody. Reeves et ux. v. Tunnell et ux., Tex.Civ. App., 21 S.W.2d 365, no writ.

The trial court having found, on conflicting evidence, that the best interest of the minor would be best served by awarding nrs care, custody and control to appellee, the natural parent, we are not in position to say the judgment is not supported by the evidence and the law, but we believe and hold the judgment to be correct under the facts here presented.

The judgment of the trial court is affirmed.

Affirmed.