**VOLUNTEER STATE LIFE INS. CO. v. SNIPES.**

No. 11811.

Court of Civil Appeals of Texas.
San Antonio.

March 17, 1948.

Rehearing Denied April 14, 1948.

Church & Church, of San Antonio, for appellant.

Louie Arnett, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Volunteer State Life Insurance Company against Roy A. Snipes, Jr., seeking to recover the sum of $611.57, as a balance due it, growing out of an agency contract.

At a non-jury trial judgment was rendered against plaintiff on the theory that its account was barred by the four-year statute of limitation, art. 5527, Vernon's Ann.Civ.Stats., from which judgment Volunteer State Life Insurance Company has prosecuted this appeal.

The trial judge, upon request of appellant, made and filed the following findings of fact:

"1. That on September 10, 1940, plaintiff and defendant in writing entered into an agent's agreement, effective September 9, 1940, wherein plaintiff agreed to pay defendant certain commissions for procuring insurance. That said agreement provides that either party thereto may terminate the same by giving the other party fifteen days' notice in writing to that effect, and that in serving such notice upon the agent, the personal delivery or the posting of a letter containing such notice addressed to the agent at his usual or last known postoffice address shall be deemed sufficient, and an affidavit of the mailing or personal delivery of such notice by the person mailing or delivering the same shall be competent and conclusive evidence of such mailing or delivery, and in the event the notice is sent by mail the fifteen days shall begin to run

from the date when the notice is deposited in the United States mails.

"2. That upon the date of said agent's agreement, and as a part thereof, another and supplemental agreement was entered into by plaintiff and defendant, also effective September 9, 1940, wherein plaintiff agreed to advance to defendant the sum of $140.00 monthly in lieu of the manner of payment of commissions provided in the above mentioned agent's agreement. That said supplemental agreement provides that the same shall automatically terminate upon notice of termination of the said agent's agreement.

"3. That said supplemental agreement provides that such advance shall continue for a period of six months, and if at the end of that time defendant shall have paid for a minimum of $40,000.00 of statistical paid business the same advance shall continue for another three months, at the end of which time if defendant has paid for a total of $70,000.00 of statistical paid business at the end of the total nine months' period the advance shall continue for the balance of the contract year. That said supplemental agreement provides that same shall automatically terminate at the end of the contract year, to-wit, on September 9, 1941, and shall be replaced by another agreement mutually agreeable to both parties, which will be drawn at that time. The said supplemental agreement expired on September 9, 1941, and no other agreement was entered into by plaintiff and defendant after the termination of said supplemental agreement.

"4. That plaintiff made such advancements to defendant between the effective date of said supplemental agreement, to-wit, Sptember 9, 1940, and January 9, 1941, and in the sum of $630.00.

"5. That at the end of the six months' period provided in said supplemental agreement, to-wit, on March 9, 1941, defendant had not paid for a minimum of $40,000.00 of statistical paid business."

The trial judge was further requested to make the following additional findings of fact:

"1. That there was no personal delivery by the defendant, Roy A. Snipes, Jr., of any notice of termination of the agent's agreement to Mr. J. Wiley King, plaintiff's manager in San Antonio, Texas.

"2. That the agent's agreement was not terminated by the defendant, Roy A. Snipes, Jr., on or about May 1st, 1941.

"3. That the agent's agreement was terminated February 18th, 1944."
which were refused.

The court's refusal to make these findings of fact is assigned as error.

The trial court concluded, as a matter of law, "that at the time of the filing of this suit, on August 1, 1946, same was barred by the four-year statute of limitation * * *." Following this conclusion of law the court gives his reasons therefor, which show that the court reached such conclusion as a matter of construction of the contract entered into, or if mistaken in this then that the sums sued for had become due from and after the date upon which the appellant's manager wrote the letter of August 12 (Aug. 5), 1941, to the appellee. The court having arrived at these conclusions, he undoubtedly regarded the requested findings as immaterial.

We cannot agree with the trial court's interpretation of the written contract. The original contract was to run for an indefinite time and could be terminated by either party giving written notice of such intention in the manner provided for in the contract. This contract further provided, in effect, that no indebtedness of the agent to the company was to become due and payable until the agreement was terminated.

■ The supplemental agreement referred to the original agreement and provided that the supplemental agreement should be a part of the original agreement and, therefore, these two instruments must be construed together. Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472. The supplemental agreement has no provision as to when advances made by the company were to be repaid to the company and, therefore, we are relegated to the main agreement to determine this matter. Thus we determine that such advancements would become due and payable when the agency agreement was terminated in the

 

manner provided therefor in that agreement.

■ It is true. that the supplemental agreement provides that unless the agent produces a minimum of $40,000.00 of "Statistical Paid" business during the first six months the agreement to advance $140.00 per month should terminate, but it does not provide that the agent at that time shall repay the amounts advanced, but leaves this matter to be determined by the provisions of the main agreement of which the supplement was a part. Likewise, the entire agreement to advance $140.00 per month to the agent was to terminate in any event in one year, but here also there was no provision as to when advancements were to be repaid.

When these two instruments are construed together and from their four corners, there can be no question as to when advancements and other indebtedness of the agent to the. company became due and payable. Paragraph 23 of the main contract takes care of this matter: "23. Upon termination of this agreement, any indebtedness of the Agent to the Company shall immediately become due and payable."

This brings us to a consideration of whether or not the contract was terminated by the letter from the Manager of the Company to Snipes, dated August 5, 1941 (referred to in the trial court's findings as August 12, 1941). In this letter appellee was asked to take care of his current account amounting to $17.31, and reminding him that "this amount is due in addition to the advance of $598.22, as you will recall." The fact that the company, through its manager, described these amounts as being due did not make them due. No attempt was made in this letter to terminate the contract and, according to the express provisions of the contract, the agent's account was not due until the contract was terminated.

■ Appellee contends that he wrote a letter in May, 1941, to J. Wylie King, an agent of the company, terminating his contract and delivered this letter, together with his rate book to Mr. King's secretary, a lady known to him only as "Ruth." Ruth

Young testified that she was an employe in the office of the Volunteer State Life Insurance Company, and that she had no recollection of appellee, Snipes, delivering any such letter to her. Thus a question of fact was raised as to whether or not Mr. King ever received such a letter from appellee, together with his rate book. It was upon this point that a finding of fact was requested and refused by the trial judge. The evidence being conflicting on this point, we cannot here presume a finding in support of the judgment rendered, which the trial judge has expressly refused to make. Rule 299, Texas Rules of Civil Procedure; Pearson v. Pearson, Tex.Civ. App., 195 S.W.2d 188; 8 Tex.Law Review, 545 to 553.

■ The additional findings of fact requested by appellant were, under the circumstances, material and necessary findings of fact and should have been passed upon by the trial court, and his failure to do so was error requiring a reversal of the judgment.

Accordingly, the judgment will be reversed and the cause remanded.