### SIMS et al. v. COLE.

No. 14757.

Court of Civil Appeals of Texas. Dallas.

Jan. 8, 1953.

Rehearing Denied Feb. 5, 1954.

White & Yarborough and W. E. Johnson, Dallas, for appellants.

Earl R. Parker and Lewis F. Russell, Dallas, for appellee.

CRAMER, Justice.

Robert E. Cole and Willie Mae Sims were prior to their divorce in cause No. 3623 on Nov. 7, 1946 married; the one child of such marriage, Kathleen, born April 30, 1944, was awarded to Robert E. Cole in the divorce decree. On Nov. 12, 1952 Willie Mae Sims and husband filed a change of custody proceeding (cause No. 72253) against Robert E. Cole alleging that he had placed the child in the care of his sister, Ida Belle Roberson, at the time the divorce was granted, where said custody had remained up to the time of the filing of the petition; and alleged facts showing a change of conditions, etc. On January 7, 1953 Willie Mae Sims removed the child from school in Cockrell Hill and took her to the home of her present husband and herself in Midland, Texas. On January 7, 1952 Ida Belle Roberson and Robert E. Cole filed a habeas corpus proceeding against Mrs. Sims and her husband W. E. Sims. On January 20, 1953 Willie Mae Sims filed an answer and a cross action in which they sought custody of the child. On March 16, 1953, after entering an order consolidating the pending causes, 73601 and 72253, and the disposed of cause 3623,[1] the trial court heard such three consolidated causes and after finding "that the best interests of said minor child will be served by leaving the custody of said child as originally awarded in said divorce decree, to her father, Robert E. Cole, to be left in the possession of the aunt, Mrs. Ida Belle Roberson, said minor child to remain in the custody of said Ida Belle Roberson subject to the right of reasonable visitation to said child on the part of its natural mother, Willie Mae Sims; and the further right of the said natural mother, Willie Mae Sims, to take said child for a visit to her home for a period of two weeks during the summer months while schools are on vacation; that all other relief prayed for by all the parties hereto be in all things denied. It is, therefore, ordered, adjudged and decreed by the court that said minor child Kathleen Cole, be remanded to the custody of Ida Belle Roberson, her paternal aunt, subject to the right of visitation as above provided for", and entered judgment " * * * that said minor child, Kathleen Cole, be remanded to the custody of Ida Belle Roberson, her paternal aunt, subject to the right of visitation as above provided for." This appeal has been duly perfected from that judgment, appellant assigning two points of error for our consideration in substance, (1) there is no evidence to support the custody award of "Kathleen to the father instead of her mother, and having the aunt keep her for the father when the father was absent from the State, and had been absent from the jurisdiction of the court and the State of Texas, and when there was nothing to indicate that he would return in the foreseeable future, had been married twice since the child's custody had been

1. The order consolidating disposed of cause 3623 with the two pending causes was void as to cause 3623 only, but harmless and immaterial under the record here.

awarded to him originally, and presently had a Japanese wife and child by her and with whom he was living at the time of the trial." (2) Error in awarding Kathleen to the father, except for two weeks in the summer plus visitation rights at reasonable times by her mother, when in fact the aunt was to all intents and purposes awarded her custody. Such action of the court being so against the great weight of the evidence as to be manifestly wrong and ought not to be permitted to stand. Appellee R. E. Cole counters, (1) there was ample evidence to justify the award of custody to the father, where she was originally placed by the court; and (2) the trial court acted within its discretion in awarding the custody to the father, with visitation rights to the mother. All points and counter points will be considered together.

The record is without dispute that the father and mother of the child were divorced Nov. 7, 1946 and the child Kathleen has been since the divorce in the custody of Mrs. Roberson, a sister of the father; that the father is now remarried and has a child by his present Japanese wife where the father is stationed with the Army in Japan, that the child here has never been out of the custody of Mrs. Roberson nor in the personal custody of the father since the divorce in 1946, until taken by Willie Mae Sims as above set out; and that the order of the District Court places the custody of the child not in the father, but in Mrs. Roberson, the child's paternal aunt.

▉ The rules applicable to such a situation are plain. The father and mother have a paramount legal right to the custody of their child as against all other persons unless they each are legally unfit persons to have such custody. Clayton v. Kerbey, Tex.Civ.App., 226 S.W. 1117; Rice v. Rice, 21 Tex. 58; State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901; Noble v. Noble, Tex.Civ.App., 185 S.W. 318; Smith v. Long, Tex.Civ.App., 181 S.W. 478; Fox v. Fox, Tex.Civ.App., 210 S.W. 2d 622; 27 Texas Law Review 387, and cases there cited. Although the court in

one portion of his judgment awards the custody to the father, the order recites that he remands the custody to the aunt and denies the custody to the child's mother.

The record here does not justify a finding and the court does not make a finding that the mother is unfit, at the time of trial here, to have the care and custody of the child; but to the contrary grants the mother reasonable visitation and custody for two weeks during summer vacations, thereby impliedly finding the mother was a fit person, at the time of the trial here.

▉ The evidence is undisputed that although the child was awarded to the father in the original decree, he has never had actual personal custody, but the father's sister, Mrs. Roberson, has had the actal personal custody of the child, and the court in his judgment in the present case here appealed from recognizes that fact by ordering that the child " * * * be remanded to the custody of Ida Belle Roberson, her paternal aunt, subject to the right of visitation as above provided for * * *." Under the record it is without serious question that conditions have changed since the divorce. The court did not recite in his judgment that the mother was unfit, and since the order gave the mother visitation privileges and two weeks custody in the summer, necessarily found that she was not unfit. Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426, syl. 1; 15 Tex.Jur. p. 670. It has been repeatedly held that a child of tender years should be with the mother if she is at all a fit person therefor. 4 Tex.Jur. Ten Year Supp. p. 363; note on sec. 164 and annotation thereunder on "Child of Tender Years Should be Awarded to Mother." Spell v. Green, Tex.Civ.App., 200 S.W.2d 713.

▉ The father not being able or, if able, not desirous at this time to have the actual personal custody of the child, and the mother not being, under the evidence, unfit as that term is understood in its legal meaning, the court abused its discretion in awarding the actual custody to

the aunt, but, in words only, to the father. See Swift v. Swift, Tex.Civ.App., 37 S.W. 2d 241 (Syls. 5–7 inclusive); Martin v. Martin, supra; 27 Texas Law Review 387.

Under such condition of the record the judgment below must be reversed and remanded to the trial court with instructions to render judgment awarding custody of the minor child, Kathleen, to her mother, with right of the father to reasonable visitation, and it is so ordered.

Reversed and remanded.