### GALLAGHER et ux. v. DIE.

### No. 3132.

Court of Civil Appeals of Texas. Waco.
July 22, 1953.

J. R. McDougald and Nola White, Beaumont, for appellants.

Baker, Vaughan & Black, Jack R. King, Port Arthur, for appellee.

McDONALD, Chief Justice.

This is a divorce and custody case. Appellee, Melba Ruth Die, filed suit for divorce and for custody of her minor children, against her husband, John D. Die, in the District Court of Jefferson County. Thereafter Tom Gallagher and wife, appellants, intervened seeking care and custody of 2 of the children, Mary Louise age 7, and T. J. age 4. There were other intervenors, but they and their contentions are not involved in this appeal. Trial was to a jury which found that: 1) the husband John D. Die had been guilty of cruel treat-

ment toward appellee; and 2) that it was to the best interest of the minor children Mary Lou and T. J., that they be awarded to their mother, the appellee. While all parties filed motion for judgment, the Court entered judgment in accordance with the findings of the jury—granting appellee a divorce from her husband, and awarding her the care and custody of the minor children Mary Louise and T. J.

Appellants moved for a new trial, which was by the Trial Court overruled, and they now appeal to this court contending: 1) That the Trial Court erred in granting appellee a divorce from her husband for the reason that she was not a resident of Jefferson County for 6 months next preceding the filing of her suit; and 2) That the findings of the jury that the interests of the minor children Mary Louise and T. J. would be best served by placing them in the care and custody of their mother, upon which the judgment of the Trial Court was based, is against the overwhelming weight and preponderance of the evidence.

With reference to appellants' 1st contention:—appellee's petition stated that she had resided in Jefferson County for more than 6 months next preceding the filing of her suit. On the trial of the case she testified that she was born in Port Arthur (Jefferson County); that she never at any time in life intended to abandon residence in Jefferson County; that she had a place rented in Jefferson County for the 18 months preceding the filing of the suit; that her furniture, clothes and cooking utensils were in that place at all times; that she received mail at that place; that any trips she made to Galveston or elsewhere were just for visits; that she did not intend to stay in Galveston on the occasion of her visit there—and in fact took only 2 dresses, a suit, and a pair of slacks with her—leaving the balance of her clothes behind. The witness Gertrude Ronquilla testified that appellee had lived in Port Arthur for the 18 months preceding the filing of this suit; that appellee paid rent on the place in Port Arthur all during that period, although she had on occasion made trips back and forth to Texas City, Free-port, and to Galveston; that whenever appellee made any of these trips she always left her clothes, furniture, cooking utensils, and everything else, in her rented premises in Jefferson County.

The law applicable to appellants' 1st contention is that the issue of residence of the plaintiff in a divorce case is a fact issue to be determined by the Trial Court, and should not be disturbed on appeal unless there is a clear abuse of discretion. In passing on the sufficiency of the evidence as to residence the reviewing court will consider only testimony supporting the Trial Court's judgment. Nolen v. Nolen, Tex.Civ.App., 196 S.W.2d 529.

Our law is further to the effect that temporary absences of the plaintiff from the county in which she resides during the 6 months next preceding the filing of suit for divorce does not affect her right to file and maintain her suit. Haymond v. Haymond, 74 Tex. 414, 12 S.W. 90; Fox v. Fox, Tex.Civ.App., 179 S.W. 883; Black v. Black, Tex.Civ.App., 185 S.W.2d 476.

It is our view that the evidence is more than sufficient to sustain the appellee's residence in Jefferson County for more than 6 months next preceding the filing of her suit, and that the Trial Court did not err in granting a divorce from her husband, and in adjudicating the care and custody of the minor children.

With reference to the appellants' 2nd contention:—The jury found from the evidence that the best interest and welfare of the minor children would be best served by placing them in the care and custody of their mother, the appellee. The Trial Judge, while not bound by the findings of the jury, confirmed them in rendering his judgment. Reviewing the 366 pages of testimony, covering some 36 witnesses, there was not one witness who testified to anything derogatory to the character of the appellee. One of the appellants herein, Tom Gallagher, complimented appellee's character and conduct, and testified that she was nice and always conducted herself in a respectable manner.

In the consideration of any child custody case the matter of paramount importance is the highest welfare and best interest of the child. Furthermore, in the determination of what is best for the child, the Trial Court is vested with broad discretionary powers and its findings and judgment in such matters will not be disturbed on appeal unless there is a clear abuse of discretion. Bohls v. Bohls, Tex. Civ.App., 188 S.W.2d 1003; Cavender v. Asbeck, Tex.Civ.App., 259 S.W.2d 578.

In a custody contest between a parent and an outsider, the rule is that custody will not be awarded to an outsider unless it is shown that there is some positive disqualification of the parent; and the fact that a parent is not well able to give a minor child comforts and advantages which others might give, does not deprive a parent of the right to custody. State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901; Fox v. Fox, Tex.Civ.App., 210 S.W.2d 622; Greenlaw v. Dilworth, Tex.Com.App., 299 S.W. 875; Swift v. Swift, Tex.Civ. App., 37 S.W.2d 241; (31 Tex.Jur., p. 1294).

Applying the rules of law announced to the case at bar, it is our view that the Trial Court is amply sustained by the evidence. Accordingly, all of appellants' Points are overruled, and the judgment of the Trial Court is affirmed.