**SANDERS et al. v. TREEND.**

No. 12,632.

Court of Civil Appeals of Texas.

Galveston.

March 18, 1954.

Rehearing Denied April 1, 1954.

George S. King and Robert L. Sonfield, Houston, for appellants.

Thos. E. Lichenstein, Houston, for appellee.

HAMBLEN, Chief Justice.

This suit originated in the District Court of Harris County as a suit upon a promissory note, in connection with which foreclosure was sought upon a chattel mortgage given to secure its payment. Trial was before the court without a jury, and resulted in judgment for the defendant, who is appellee in this Court. In affirming that judgment, we consider the following statement of the facts as necessary to our discussion:

Pauline Sanders, who was plaintiff in the trial court, was at one time the wife of the defendant Cecil Treend. One child, Robert James Treend, was born to that marriage. A divorce was granted these parties in March, 1949, by the District Court of Harris County, under the terms of which appellant Pauline Sanders was granted custody of the minor child, and appellee was given visitation privileges. Appellant thereafter married W. L. Sanders, and with him and her minor child moved to Juneau, Alaska. Appellee, after appellant had moved to Alaska, reopened the proceeding wherein the divorce had been granted, and sought and secured a modification of the decree to the extent that he was granted custody of the minor child. Appellee then proceeded to Juneau, Alaska, and in the District Court of that territory, applied for a writ of habeas corpus seeking custody of the child as provided by the Harris County decree. The Alaska court, after a hearing, entered an order from which no appeal was taken, under the terms of which appellant was to have the custody of the child during the school months of Septem-ber through May of each year, and appellee was to have custody during the vacation months of June through August each year. The decree was entered June 15, 1950, and provided that appellee was to have the immediate right to take the child to Houston, Texas, and return him to Alaska within one week of the commencement of school on September 5, 1950, in Alaska. The decree further provided that appellee's custody in any year, shall not commence until he deposits in court a bond in the sum of $2,500 conditioned upon his faithful performance of the provisions of the decree.

Appellee was unable to procure the required bond. He, thereupon, entered into an agreement with appellant whereby on June 30, 1950 he executed a note payable to appellant in the sum of $2,500, bearing 6% interest, payable 30 days after date, which recited that it was subject to the conditions contained in a chattel mortgage of even date. The chattel mortgage referred to covered property in Harris County. It contained a recitation that appellee was to have 30 days thereafter within which to post the bond required by the Alaska decree, in which event the note and mortgage were to be null and void. It further provided that appellant waived the requirement that a bond be posted before appellee's custody of the child was to commence, and that she immediately surrendered such custody to appellee. Appellee was unable to post the required bond within the thirty day period. However he retained custody of the child in Houston until September, at which time he returned the child to appellant in Alaska. Prior to June, 1951, the parties corresponded by mail. Appellee represented that he was still unable to meet the court requirement that a bond be posted. Upon appellee's representation that he would return the child in September, appellant sent the child to Houston. When appellee failed to return the child in September, appellant filed this suit in the Harris County court seeking judgment upon the note and foreclosure of the chattel mortgage. Appellee answered by general denial, plea of satisfac-

tion and discharge of the obligation, and failure of consideration, the latter defense being raised by trial amendment filed with leave of court after the evidence had been concluded.

In response to request properly made, the trial court filed findings of fact and conclusions of law. Included among the findings of fact is one to the effect that when the child was in appellee's custody during 1951 he was in poor health such as to prevent his return to Alaska. The court concluded that the note was given upon the consideration that the appellee have custody for the summer months of 1950 only, and that by returning the child in September of that year, appellee had satisfied and discharged his obligation. The court further concluded that in failing to return the child in 1951, appellee, because of the child's poor health had done all that was possible under the circumstances, and that there had been a failure of consideration for the obligation sued upon.

■ It requires no citation of authority for the proposition that in Texas the rights of divorced parents in and to the custody of minor children of the marriage, are equal. Of primary, if not, of sole importance in determining the rights of the parents to custody is the interest and welfare of the child or children. Since the provisions of Rule 184a, T.R.C.P. have not been invoked, it must be presumed that the same rule prevails in the Territory of Alaska. Therefore, it must follow that the Alaska court, in providing that appellee's custody of the child should commence upon his posting a bond in the sum of $2,500, based such requirement not upon any consideration of insuring any right existing in appellant as opposed to appellee in and to the custody of the child, but based such requirement solely upon the consideration of securing that which he considered to be the best interest and welfare of the child. The obligation of the required bond was penal in its nature, having as its purpose the securing of appellee's performance of the court's decree. And there can be no doubt but that had appellee posted the re-

quired bond and thereafter failed to perform the requirements of the court's decree, the court, before enforcing the penalty provided for, could and should hear evidence of facts which, it might be claimed, excused compliance with the decree, such as, for instance, ill health of the child, making impossible, or even unwise, his return to Alaska. And, if satisfied of the truth of such representations, there is no doubt that the court could excuse the obligation of the bond. Any other conclusion would defeat the very purpose, in fact, the only purpose to accomplish which the bond was required.

■ Appellant undertook to waive the requirement which the court had made to secure compliance with its decree, and to accept in lieu thereof the note and mortgage. Aside from the question of her right to waive the court's requirement, it is apparent that the note, though payable to appellant, was, like the bond for which it was substituted, penal in its nature, and subject to any defense, equitable or legal which might be asserted in an action to enforce the penalty of the bond. Appellant's contention that the note is based upon a valuable consideration given by her in allowing appellee to take the child without posting the bond, cannot be sustained. It amounts to a confusion of purpose with consideration. The note, like the bond, can be supported only upon the consideration of securing compliance with the court decree, which in turn, had as its purpose, the subservance of the best interest and welfare of the minor child. The jurisdiction of our courts in so far as the interests of children are concerned, is a continuing jurisdiction. Decrees involving custody of children can be modified, enforced, or their enforcement refused, as the facts, within the court's discretion, warrant.

■ Therefore, when the Harris County court was presented with appellant's suit upon a note, penal in its nature, the court properly heard and considered those defenses, both equitable and legal, which appellee contended should excuse its payment. Upon adequate evidence, the court

found that the child was in ill health during the summer of 1951. After reciting the testimony upon which such finding was made, the court then concluded that the appellee, in failing to return the child, had "done the only possible thing in the matter," that the consideration had entirely failed, that the suit was an attempt by appellant to penalize appellee for not returning the child, and that appellant should not recover.

■ In addition to the matters discussed, which we feel requires an affirmance of the trial court's judgment, appellee also contends, and the trial court's findings and conclusions support the contention, that the note and mortgage were given only in lieu of the bond for the year 1950, and in returning the child that year appellee had fully satisfied the condition upon the happening of which the note was to be null and void. Appellant, on the other hand, contends that appellee renewed the obligation of the note by correspondence. It is to be noted that the decree of the Alaska court provided that appellee's right to custody in any year, shall not commence until he deposits in court a bond in the sum of $2,500. Clearly the court required a new bond each year. The chattel mortgage provides that its acceptance by appellant shall constitute a waiver of the condition that mortgagor's (appellee's) custody shall not commence until said bond is posted for the year 1950. Again, clearly the reference is to the bond for the one year of 1950. In 1951 appellee wrote appellant that he was still unable to make the required bond. He then says: "Would like for Bobby to come, so we will do like we did before." Appellant answered that she was sending Bobby May 25, stating: "I have only your word for his return and shall trust you to do the right things and get him back in time for school next fall." Appellee then wired appellant: "Have furnished all guarantee I possibly can of his safe return. Answer now if he leaves the 25th." Upon this evidence the trial court concluded that the parties did not intend the note and chattel mortgage to be a continuing obligation; that appellee had fully discharged the ob-

ligation of the note by returning the child in 1950, and that appellant sent the child to appellee in 1951 in reliance upon appellee's word that he would return the child. The evidence is clearly capable of this construction and supports the trial court's conclusions. However, even had the note been renewed, the renewal would be subject to the same defenses as was the original obligation.

For the reasons discussed, the judgment of the trial court is affirmed.

Affirmed.