Joan Morgan PROCK, Appellant,

v.

Mae MORGAN et vir, Appellees.

No. 13011.

Court of Civil Appeals of Texas.

San Antonio.

May 16, 1956.

Rehearing Denied June 13, 1956.

Knopp & Berry, San Antonio, for appellant.

L. B. Cooper, Cotulla, Gordon L. Hollon, Boerne, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Mae Morgan, joined by her husband, John Morgan, in the District Court of Kendall County, against Joan Morgan Prock, a widow, seeking to have the custody and care of Cynthia Beth Morgan, a minor child of three years, the daughter of Joan Morgan Prock and her former husband, Charles R. Morgan, taken from the child's mother and awarded to plaintiff Mae Morgan.

After a trial at which evidence was heard, the court found in his judgment that conditions and the environment of Cynthia Beth Morgan had changed since June 19, 1953, and that it was just, proper and necessary that the child's custody be changed from the mother to Mae Morgan, the paternal grandmother. The mother was to have the right of visitation and the right of temporary custody each year during the months of June and July. From that judgment Joan Morgan Prock has prosecuted this appeal.

Upon request, the trial court made the following finding of fact: "It is for the best interest of Cynthia Beth Morgan that her custody, care and control be placed in the hands of Mrs. Mae Morgan." Appellant excepted and objected to the finding of the court and requested the following additional findings:

"1. That the plaintiff, Mrs. Mae Morgan, is not the natural mother of Cynthia Beth Morgan.

"2. That the defendant respondent, Joan Morgan Prock, is the natural mother of Cynthia Beth Morgan.

"3. Whether or not the defendant respondent, Joan Morgan Prock, mistreated her child, Cynthia Beth Morgan.

"4. Whether or not the defendant respondent, Joan Morgan Prock abused her child, Cynthia Beth Morgan.

"5. Whether or not the defendant respondent, Joan Morgan Prock, abandoned her child, Cynthia Beth Morgan.

"6. Whether or not the defendant respondent, Joan Morgan Prock, is a fit person to have the care, custody and control of her child.

"7. Whether or not the defendant respondent, Joan Morgan Prock, has neglected her child, Cynthia Beth Morgan."

In reply to this request, the trial judge found as follows:

"1. Mrs. Mae Morgan is not the natural mother of Cynthia Beth Morgan; that she is the paternal grandmother of Cynthia Beth Morgan, and that the father of Cynthia Beth Morgan is in the military service outside the continental limits of the United States;

"2. Joan Morgan Prock is the natural mother of Cynthia Beth Morgan;

"3. From the evidence in the case, I find in response to your requests 4, 5, 6 and 7 as found in the original findings of fact."

The record shows that prior to June 19, 1953, Charles Morgan and Joan Morgan were husband and wife, and on that date they were divorced by a judgment of the District Court of Atascosa County, Texas, in which judgment the custody and care of their daughter, Cynthia Beth Morgan, was awarded to the mother, Joan Morgan, now Mrs. Prock, the appellant herein.

We are met at the threshold of this case with the question as to whether this is a suit under the provisions of Art. 4639a, to have the custody and care of a child re-adjudicated upon a showing of changed conditions since the date of the decree of divorce, or whether it is a suit to have a child declared to be a dependent and neglected child, under the provisions of Arts. 2330 and 2331, Vernon's Ann.Civ.Stats.

Appellee states flatly that this suit is not brought under the provisions of Arts. 2330 and 2331, supra, but that it is brought under the provisions of Art. 4639a, to have the award of custody in the original suit changed from the child's mother to its paternal grandmother. However, the father and former husband is not made a party to the suit. There is testimony that the suit was brought by the paternal grandmother with the knowledge and consent of her son, who is the father of the child. There was no plea of want of necessary parties made in the court below.

■ It is clear under the decisions that where the right to custody of a child is adjudicated in a divorce suit such judgment is res judicata of the matter as between the parents, unless in a further proceeding in the nature of a new suit, brought by one of the parties with proper service upon the other, the award of custody is changed upon a proper showing that conditions have changed since the former decree was rendered. Goodman v. Goodman, Tex.Civ. App., 236 S.W.2d 641; Ex parte Garcia, Tex.Civ.App., 187 S.W. 410; Gallagher v. Die, Tex.Civ.App., 260 S.W.2d 128; 15 Tex. Jur. 675, § 170.

■ Here we have a suit by an outsider (the paternal grandmother) against the natural mother to take from such mother her child and have the custody awarded to such plaintiff upon a showing only of changed conditions since the rendition of the original decree of divorce. We are of the opinion that, regardless of the fact that there was no plea of want of necessary parties plaintiff, this suit cannot be regarded as a suit brought under the provisions of Art. 4639a, where changed conditions only are required to be shown. Such a suit can be maintained only by a party to the original decree of divorce.

We are aware of the fact that a district court has the power in a divorce case to find that neither parent is a fit person to have the custody of a child and therefore award such custody to some institution or person other than one of the parents, 15 Tex.Jur. 670, § 166, and in such event it might be possible that such third person or institution might have the authority

to bring a suit under Art. 4639a, supra, to have the custody changed, based upon changed conditions arising since the rendition of the divorce decree, but certainly such a suit brought under the provisions of Art. 4639a, cannot be maintained by a complete stranger to the original decree, even though there be no plea of want of proper parties plaintiff.

■ Where an outsider wishes to bring a suit to take a child from the custody of its parent and have it awarded to him or some other outsider, he must bring such suit under the provisions of Arts. 2330 and 2331, and must be prepared to prove that the child is a dependent or neglected child, or that the parent or parents having its custody are unfit persons to have such custody. Until this is shown the law presumes that the custody of the natural parent is best for the child. 31 Tex.Jur. 1292, § 16; Kollenborn v. Kollenborn, Tex.Civ.App., 273 S.W. 2d 660; Bronner v. Bronner, Tex.Civ.App., 267 S.W.2d 577; Sims v. Cole, Tex.Civ. App., 264 S.W.2d 185; Fox v. Fox, Tex. Civ.App., 210 S.W.2d 622.

■ The fact that the evidence might show that the best interest of the child will be served by taking the child away from the custody of the natural parent and giving it into the custody of an outsider, does not overcome the presumption of the law to the effect that the best interest and welfare of the child will be accomplished by leaving it in the care and custody of its natural parent or parents, so long as its natural parent or parents are fit persons to have such custody and such child is not a dependent or neglected child as described in Arts. 2330 and 2331, supra. Sims v. Cole, Tex.Civ.App., 264 S.W.2d 185; Gallagher v. Die, Tex. Civ.App., 260 S.W.2d 128; Fox v. Fox, Tex.Civ.App., 210 S.W. 2d 622; Oldfield v. Lester, Tex.Civ.App., 188 S.W.2d 722; Medrano v. Rodriguez, Tex.Civ.App., 209 S.W.2d 208; Davis v. Sears, Tex.Com.App., 35 S.W.2d 99.

■ Regardless of whether this suit can be maintained under the provisions of Art. 4639a or of Arts. 2330 and 2331, and laying aside all technical rules of pleading and evidence, this suit is necessarily a suit by an outsider, against a mother of a three-year-old baby girl, who has never surrendered her right to the care and custody of her child, and whom a court in 1953 found was a proper person to have the custody of her child. Appellees concede that they have not shown by evidence that Cynthia Beth Morgan is a dependent and neglected child. The trial court, though requested to make a specific finding upon the subject, declined in effect to find that appellant is an unfit person to have the care and custody of her child. The trial court went no further than to find that it was for the best interest of the child to be consigned to the care, control and custody of an outsider—her paternal grandmother.

Under the provisions of Rules 296 to 299, Texas Rules of Civil Procedure, we cannot presume findings in favor of the judgment which the trial court has failed to make, though expressly and specifically requested to do so. McKinney v. White, Tex.Civ.App., 278 S.W.2d 553; Century Ind. Co. v. First National Bank of Longview, Tex.Civ.App., 272 S.W.2d 150; Timon v. Dolan, Tex.Civ.App., 244 S.W.2d 985; Roberts v. Tippett, Tex.Civ.App., 239 S.W. 2d 859; Volunteer State Life Ins. Co. v. Snipes, Tex.Civ.App., 209 S.W.2d 935; Pearson v. Pearson, Tex.Civ.App., 195 S.W. 2d 188.

■ The evidence here does not conclusively establish the fact that appellant is an unfit person to have the custody and care of her daughter, and the trial court having failed to so find, though requested, the judgment rendered is not supported by the mere finding that "It is for the best interest of Cynthia Beth Morgan that her custody, care and control be placed in the hands of Mrs. Mae Morgan." Texas & N. O. R. Co. v. Allen, Tex.Civ.App., 251 S.W.2d 790; Tillman v. Mahaffey, Tex.Civ.App., 252 S.W.2d 255.

The judgment is reversed and the cause remanded.