Frances **MINJAREZ**, Appellant,

v.

Isidro **MINJAREZ**, Appellee.

**No. 8353.**

Court of Civil Appeals of Texas, Amarillo.

May 14, 1973.

Rehearing Denied June 11, 1973.

Day, Owen & Lyle, Paul Lyle, Plainview, for appellant.

Huff & Bowers, Forrest Bowers, Lubbock, for appellee.

JOY, Justice.

This is an appeal from a judgment rendered in a divorce action wherein the petitioner-appellee was granted custody of two minor children. Affirmed.

Appellee Isidro Minjarez, filed an action for divorce against his wife, Frances Minjarez, appellant, seeking custody of the parties' two minor children, two boys, ages four and one. Upon trial without a jury, the District Court of Hale County entered a judgment dissolving the marriage, dividing the community property, and granting custody of the two minor children to the appellee, with the proviso that the two minor children be kept in the home of their paternal grandparents. The trial court made the following conclusions of fact: the father, the appellee, was a fit and proper person to have custody of the minor children; the mother, appellant, was not an unfit person to have custody of the children; and that the home of appellee's parents was, under the evidence, the best place in which to keep the minor children. It is undisputed that appellee lives in his parents' home.

Appellant brings her appeal on six points of error. For convenience, the first four points will be discussed together. In these first four points, appellant contends that the District Court's findings of fact that appellee is a fit person to have custody of the minor children; that the home of appellee's parents is the best place to keep such minor children; that the judgment awarding custody of the minor children to the father is so against the great weight and preponderance of the evidence as to be clearly wrong, erroneous, and the court abused its discretion in the custody award.

■ Appellant argues that the trial court abused its discretion when it failed to grant her custody of the two minor children. Appellant's basic position is that all things being equal, that upon divorce, unless the mother is proved to be *unfit*, she is the proper person to have custody of a very young child. A careful examination of the cases cited by appellant reveals important distinctions between those cited and the present case. For example, in the case of Redwine v. Redwine, 198 S.W.2d 472 (Tex.Civ.App.—Amarillo 1946, no writ), the district court granted custody of the minor children to the paternal grandparents. The Court of Civil Appeals reversed, holding that unless the mother is shown upon divorce to be unfit she is the proper person to have custody of a very young child. Here, custody was not given to a third person such as the paternal grandparents, but was given to one of the natural parents. The law seems settled in Texas that the natural parents have a paramount legal right to custody of their children against all other persons, Sims v. Cole, 264 S.W.2d 185 (Tex.Civ.App.—Dallas 1953, writ ref'd n. r. e.), and the rights as between the parents for custody of their children are equal. Sanders v. Treend, 266 S.W.2d 235 (Tex.Civ.App.—Galveston 1954, writ ref'd n. r. e.). Appellant cites the case of Sims v. Cole, supra, wherein the trial court granted custody of the minor children to the father. The appellate court reversed on the grounds that there was evidence in the record showing that a third party had actual custody of the minor and that the father was either unwilling or unable to have actual personal custody of the children. In this case, evidence of this nature was not present. The record shows that the natural father resides with the minor children and that he in fact desires personal custody. In the cases cited by appellant, as well as numerous others, the basic underlying rule in all custody cases is that the paramount consideration is the welfare of the child. Where the evidence is conflicting, as it was here, the award of custody of minor children is left to the sound discretion of the trial court. See cases collated at 20 Tex.Jur.2d, Divorce and Separation, §§ 321–322, pp. 646–647. After a careful review of all the evidence in this case, we do not believe that the trial court abused its discretion in awarding appellee custody of the minor children.

■ Appellant, in her fifth point of error, contends that the judgment of the district court awarding custody of the minor children to appellee on condition that he keep such children in the home of his parents was error in that there were no pleadings to support awarding custody to the parents, which was the practical effect of such judgment. It is well settled under Texas law that the trial court's control over a minor child of a divorced couple extends to determination of the place where the child may reside and in awarding custody, the court may restrict the residence of that child. Here, the trial court in fact granted custody of the minor children to their natural father and we find that it had the discretion, as it did, to restrict their residence to the home of the father's parents. Appellant's fifth point of error is overruled.

■ Appellant's sixth point asserts as error the lack of proof of the residence requirements by appellee necessary under the Family Code [1] to confer jurisdiction on the trial court. The appellant, in her cross action for divorce, alleges the necessary residence requirements; therefore, we hold that any objections raised for the first time on appeal are untimely. At any rate, a review of the evidence satisfies us there was evidence of the requirements to sustain the venue and jurisdiction of the court.

The judgment of the trial court is affirmed.

1. Tex.Laws 1969, ch. 888.