**In the Interest of M.D.T., a Minor Child.**

No. 04–82–00603–CV.

Court of Appeals of Texas, San Antonio.

Dec. 21, 1983.

Daniel R. Rutherford, San Antonio, for appellant.

Daniel J. Loveland, San Antonio, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

PER CURIAM.

This case involves enforcement by a Texas court of an order of a California court granting custody of a minor child to the mother, when the father and child are residents of the State of Texas.

The father and mother were divorced in 1975 by decree of the 25th Judicial District Court of Guadalupe County, Texas, and under such decree, the father was appointed managing conservator of the child. In 1981, the parents entered an agreement which allowed the mother to have physical custody of the child for one year between August 15, 1981, and August 15, 1982. The contract was written and signed by the mother in California, and signed by the father in San Antonio, Texas. The mother has at all times resided in California, and the father has at all times resided in Texas. The father has never been to California for any reason during the time that his former wife has lived there.

The child stayed with his mother until June 17, 1982, when he returned to his father's home in Texas. On August 17, 1982, the mother filed suit in the Superior Court of Ventura County, California for custody of the child, alleging at that time that the child had been and continued to be,

a resident of California, because the father had allowed the child to live with the mother for one year. The California court entered an order September 15, 1982, granting custody of the child to the mother. She then sought to gain possession of the child by way of writ of habeas corpus, in the 25th Judicial District Court of Guadalupe County, October 11, 1982. Custody was granted to the mother, and the trial court gave full faith and credit to the California custody order. By testimony of both the mother and the father, at the time when suit was filed in California and at the time of the hearing in the California court, the child was a resident of Bexar County, Texas, living with his father who was managing conservator.

Appellant asserts that the trial court erred in enforcing the California decree because the California court had no jurisdiction to enter such decree, since at all relevant times, the child and appellant were residents of Texas. Appellee has filed no briefs.

We reverse the judgment of the trial court and remand the cause for further proceedings. The only court which had jurisdiction over the conservatorship of the child under Section 11.05 of the Family Code, was the 25th Judicial District Court of Guadalupe County. *Trader v. Dear,* 565 S.W.2d 233, 235 (Tex.1978).[1] Jurisdiction of Texas Courts in cases involving the parent-child relationship is governed by TEX.FAM. CODE ANN. § 11.05 (Vernon 1975 and Supp.1982–1983), which mandates continuing jurisdiction of all parties and matters in connection with the child, with certain exceptions. *See Watts v. Watts,* 573 S.W.2d 864, 867 (Tex.Civ.App.—Fort Worth 1978, no writ).

■■■ At the hearing on the writ of habeas corpus, counsel for the mother alleged

---

1. Since the trial court was not requested to take judicial notice of the equivalent California statute, and there was no proof of such offered, this court presumes that the California law relating to jurisdiction in child custody matters is the same as that of Texas. TEX.R.CIV.P. 184a, *Dohrmann v. Chandler,* 435 S.W.2d 232, 235 (Tex.Civ.App.—Corpus Christi 1968, no writ), *Sanders v. Treend,* 266 S.W.2d 235, 237 (Tex.Civ.App.—Galveston 1954, writ ref'd n.r. e.). Section 11.045 of the Family Code governs original jurisdiction of custody matters. Under this section the California court would have had original jurisdiction if, as is stated in the order of the California court, it were true that "California was and is the home state of M.D. T."

jurisdiction over the child by the California court, under sections 11.045(a)(1)(A) and (1)(B). Both of these sections of the Family Code predicate jurisdiction on the "principal residence" of the child being within the State. Section 11.04 of the Family Code designates a child's residence to be in the county of residence of the managing conservator. The principal residence of this child is in the county of residence of his father, in Texas. Under the facts of this case, jurisdiction cannot be predicated on Section 11.-045 (original jurisdiction) of the Family Code, absent fraud or mistake. *Campbell v. Campbell,* 617 S.W.2d 795, 798 (Tex.Civ. App.—Austin 1981, writ ref'd n.r.e.). The evidence shows that the child was not in California at the time of filing of the suit by the mother, that he was not in California at the time of the hearing, and that although he temporarily stayed with his mother in California, there was no order modifying the order of the Texas Court naming the father managing conservator. A parental agreement does not defeat a court's continuing jurisdiction. *Trader v. Dear,* 565 S.W.2d 233, 236 (Tex.1978). Consequently, no court other than the District Court in Guadalupe County, Texas, has jurisdiction over this matter.

The judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.